**Wayne BROWN, Appellant,**

v.

**CAPITOL HILL CLUB, Appellee.**

**No. 80–66.**

District of Columbia Court of Appeals.

Argued Nov. 24, 1980.

Decided Jan. 26, 1981.

---

Joel D. Joseph, Washington, D. C., with whom Jeffrey Miller, Washington, D. C., was on the brief, for appellant.

Frank M. Northam, Washington, D. C., with whom William L. Fallon, Washington, D. C., was on the brief, for appellee.

Before MACK, FERREN, and PRYOR, Associate Judges.

PRYOR, Associate Judge:

Having been terminated from employment with appellee, Capitol Hill Club, on January 30, 1979, appellant, pro se, filed a complaint with the District of Columbia

Office of Human Rights (OHR), alleging that he had been discriminated against by his employer in violation of the District of Columbia Human Rights Law of 1977, D.C. Code 1978 Supp., § 6–2201 *et seq.* On June 7, 1979, OHR issued its determination letter which stated that OHR had investigated the matter and found no probable cause for crediting the complaint. The letter apprised appellant of his right to apply to the Director for reconsideration of the decision, pursuant to Rule 4.2 of the Rules Governing Procedure and Practice in Relation to Complaints Alleging Unlawful Discriminatory Practices.

Appellant did not apply for reconsideration in the manner outlined in the determination letter, but rather, obtained counsel and on July 6, 1979, informed OHR that he was withdrawing his complaint so that he could bring an action "as if no complaint had been filed."

On August 17, 1979, appellant brought an action on the same claim in the Superior Court of the District of Columbia. Appellee filed a motion to dismiss which was granted on November 21, 1979. This appeal followed. We find that the trial court did not err in dismissing the complaint, and therefore, affirm.

## I

The District of Columbia Human Rights Law of 1977, D.C.Code 1978 Supp., § 6–2201 *et seq.*, is a comprehensive Act proscribing unlawful discriminatory practices and providing specific guidelines for seeking redress. *See, e. g., Honig v. District of Columbia Office of Human Rights,* D.C.App., 388 A.2d 887, 888 (1978). At a time when Congress and the District Council had before them overwhelming evidence of systematic employment discrimination, the Act was promulgated "to secure an end in the District of Columbia, to discrimination for any reason other than individual merit." D.C. Law 2–38 "Human Rights Act of

1977", 24 D.C. Register 2830 (Oct. 14, 1977). The law proscribed any discriminatory practice based, *inter alia*, on race, color, religion, sex, age, national origin, marital status, sexual orientation, physical handicap, family responsibilities, political affiliation, or personal appearance.

The Act provides specific timetables and procedures for filing a claim of discrimination: within one year of the alleged unlawful discriminatory practice or its discovery (with specifically enumerated exceptions) * a complainant, seeking damages or other appropriate relief, may file a complaint either with OHR, § 6–2284, or in any court of competent jurisdiction, § 6–2296. The jurisdiction of the court and OHR are mutually exclusive in the first instance. Thus, where one opts to file with OHR, he or she generally may not also file a complaint in court. The converse of this is also true, to wit, where a person opts to file an unlawful discriminatory practice suit in court, such person is barred from filing, thereafter, an identical complaint with OHR. There are, however, two qualifications. Where OHR dismisses a complaint on grounds of administrative convenience, or where the complainant withdraws his complaint before an administrative decision is rendered, such person retains the right to file a complaint in court.

Once an unlawful discriminatory practice case is filed with OHR, the agency shall within 15 days, serve the respondent with a copy of the complaint, § 6–2285(a). Within 120 days, after service of copies of the complaint upon all parties, OHR shall investigate the charge and determine whether the agency has jurisdiction over the claim, and if there is probable cause to believe that respondent has engaged in or is engaging in a discriminatory practice in violation of the Act, § 6–2285(b).

If OHR concludes that it lacks jurisdiction or that there is no probable cause to believe that respondent is in violation of the

* D.C.Code 1978 Supp., § 6–2285.

Act, the Director must issue an order dismissing the complaint, § 6–2285(c). A claimant may seek reconsideration of the Agency's determination by making written application to the Director within 30 days of receipt of the order, Rule 4.2 of the Rules Governing Procedure and Practice in Relation to Complaints Alleging Unlawful Discriminatory Practices.

If, on the other hand, OHR finds that it has jurisdiction over the claim and there is probable cause to believe that respondent has engaged in an unlawful discriminatory practice, it may attempt to eliminate the unlawful practice through conciliatory efforts, § 6–2286. Any time after a complaint has been filed, OHR may seek, through the Corporation Counsel, judicial temporary restraining orders or preliminary injunctions, § 6–2287. Where OHR has found probable cause, after conciliation efforts fail or are determined to be unwarranted by OHR, a written notice and a copy of the complaint shall be issued requiring respondent to answer the complaint at a public hearing before the Commission on Human Rights or a hearing examiner, § 6–2290. Orders or decisions of the Commission are reviewable by this court, § 6–2294.

## II

■ In this instance, appellant chose not to file his complaint in court but rather, to file with OHR. By doing so, he lost his right to bring the same action in court except upon the happening of one of two events—(1) withdrawal of the complaint from OHR, or (2) the dismissal of the complaint by OHR on grounds of administrative convenience, § 6–2296(a). Appellant proffers that one of these two events did occur. We cannot agree.

■ As to the appellant's claim that his complaint was withdrawn before OHR's administrative action, it seems evident from the face of the determination letter that such was not the case. The letter indicates that OHR completed its investigation of appellant's claim and found no probable cause. The letter, received by appellant prior to his making any effort to withdraw, clearly apprised appellant of the disposition. The Code and Regulations make clear that to preserve the right to bring the same action in court, withdrawal must occur prior to the agency's disposition. This was not done by appellant, § 6–2284(b), Rule 2.6.

■ Likewise, we cannot find under the circumstances of this case that OHR dismissed the claim as a matter of administrative convenience. The disposition letter states that investigation of the complaint was completed. If appellant had any question as to whether an investigation had, in fact, been completed, and what the Agency's specific findings were, appellant should have applied for reconsideration in the manner outlined in the disposition letter.

Failing to follow the procedural steps outlined, appellant was precluded from instituting a de novo proceeding on the same matter in court. In this regard, we find the case of *Allison v. School District*, 4 FEP Cases 898 (N.Y.Sup.Ct.1972), cited by appellee, to be instructive. In that case, a school teacher filed a complaint with the State Division of Human Rights charging that a Board of Education regulation pertaining to maternity leave was unlawful and discriminatory in nature. A hearing was held and the challenged regulation was found to be discriminatory. Complainant subsequently filed suit in court based on the same claim. The matter was dismissed on the basis that complainant had made an election and was barred from proceeding in court.

The New York Human Rights Law which the court found barred the subsequent judicial action is substantially the same as the District's statute as it relates to election of remedies. It provides in pertinent part:

Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and

such other remedies as may be appropriate, *unless such person has filed a complaint hereunder or with any local commission of human rights* .... [N.Y. Human Rights Law (Executive Law, § 297[9]) (McKinney, 1972).]

The New York court found that the law provided a choice of remedies—an administrative proceeding or a judicial determination, but not both.

In another New York case, *Tinawy v. Travelers Aid Society*, 20 FEP Cases 1507 (N.Y.Sup.Ct.1977), complainant brought an action with the State Commission of Human Rights charging his former employer with discrimination in employment. The Regional Director found no probable cause to issue a complaint against the company. The Commission affirmed the determination of no probable cause. Thereafter, complainant brought an action in court. The court dismissed the action. Quoting § 297[9] of the N.Y. Human Rights Law referred to, *supra*, the court iterated:

> [T]he statute makes it plain a person aggrieved was to have only one bite of the apple. He is free to choose the administrative route or judicial route. He cannot run both courses. *Id.*

We find the District of Columbia statute similarly provides alternative avenues of redress—administrative or judicial. Having opted the administrative route, appellant was barred from bringing the same action in court. Accordingly, the trial court did not err by dismissing the action taken.

*Affirmed.*