Andrew DAVIS, Appellant,

v.

POTOMAC ELECTRIC POWER
COMPANY, Appellee.

No. 81–520.

District of Columbia Court of Appeals.

Submitted June 16, 1982.

Decided July 26, 1982.

Gregory E. Kubash, Washington, D. C., was on the brief for appellant.

William A. Bradford, Jr., Washington, D. C., was on the brief for appellee. David M. Gische, Washington, D. C., also entered an appearance for appellee.

Before NEWMAN, Chief Judge, and KERN and PRYOR, Associate Judges.

PRYOR, Associate Judge:

This is an appeal from the Superior Court's action granting the motion of appellee Potomac Electric Power Company (PEPCO) to dismiss the retaliatory discharge count set forth in appellant's amended complaint as barred by the one year period of limitation of the District of Columbia Human Rights Act (Act), D.C.Code 1973, §§ 6–2201[1] et seq. Upon review of the record below, we affirm.

I

On January 4, 1979, appellant Andrew Davis filed his original complaint charging, pursuant to the Act, that his employer PEPCO had discriminated against him by denying him a promotion on the basis of race.

A short time after the original complaint was filed, PEPCO detected that appellant had used his position as a member of its internal audit staff to gain access to confidential personnel data stored in PEPCO's computer system concerning the race and income of PEPCO's managerial staff. Appellant then obtained and removed from PEPCO's premises a printout containing much of this information.[2] PEPCO discharged appellant on January 17, 1979.

On October 3, 1980, some twenty months after the date of his termination, appellant sought to amend the original complaint to include an allegation that his discharge constituted an unlawful employment practice; more specifically, he asserted that his employment was terminated in retaliation against him for filing the original discrimination complaint. Appellant's motion for leave to amend the complaint was granted.

PEPCO then moved to dismiss the retaliation count in the amended complaint as barred by the Act's one year limitation period, D.C.Code 1973, § 6–2284(a). PEPCO's motion was granted and the amended count was dismissed with prejudice by the Superior Court's order dated February 4, 1981.

Trial was then had before a judge on appellant's original complaint. At the conclusion of the proceedings, the court made findings of fact and conclusions of law and held that PEPCO's failure to promote appellant was not discriminatory or otherwise unlawful. Judgment was entered for PEPCO on February 9, 1981.

II

We note at the outset that appellant has raised issues not properly before this court. In our Order dated September 10, 1981 granting PEPCO's unopposed Motion to Limit Issues on Appeal, this court ruled that this appeal was "limited to the Superior Court's order dated February 4, 1981, dismissing appellant's amended complaint with prejudice." Appellant's request that we reverse the Superior Court's holding, that PEPCO's failure to promote him was not unlawful, is not properly before us. Consequently, the only request for relief which we may properly consider is appellant's contention that the Order of the Superior Court, dismissing the retaliation claim in the amended complaint should be reversed. It is to that request that we now turn.

(A)

Appellant's original complaint charging that PEPCO had denied him a promotion on the basis of race was filed on January 4,

---

1. D.C.Code 1981, §§ 1–2501 et seq.

2. The Superior Court enjoined appellant from using this information at trial.

1979. Appellant was discharged by PEPCO approximately two weeks later on January 17, 1979; it was not until October 3, 1980 that he sought to amend the original complaint to include a count of retaliatory discharge.[3]

The Act makes clear that the one year limitation period in which an aggrieved party may file a complaint applies to administrative proceedings before the Office of Human Rights (OHR), D.C.Code 1973, § 6–2284(a). The issue presented here is whether the one year period applies to civil actions commenced under the Act or whether the general three year limitation period applies. The Act is silent on this point. If the general three year statute of limitations, D.C.Code 1981, § 12–301(8), applies to actions at law based on the Act, then the amendment was indeed timely. However, if the Act's one year limitation is applied, then the amendment must fail.

(B)

Although a complainant may seek redress for unlawful discriminatory practices through administrative proceedings or an action at law, it is not likely that the City Council intended to provide one period of limitation in which to commence a court action and another to govern the commencement of administrative proceedings. The New York courts have concluded that all actions based on that state's Human Rights Law are governed by the Law's one year period of limitation and not by the various statutes of limitations governing civil actions. *See Beckford v. Corning Glass Works,* 75 A.D.2d 835, 427 N.Y.S.2d 873, 874 (N.Y.App.Div.1980). (Cases cited there deal with virtually the same issue arising under the New York State Human Rights Law, Executive Act §§ 290 *et seq.*).

The determination of the appropriate period of limitation should turn, not upon the forum selected by the complainant, but upon the nature of the asserted claim. Claims of discrimination advanced by employees against their employers are apt to

become stale quickly because the evidence necessary to support or refute such claims often consists of subjective estimations of the discriminatory "climate" at the workplace as well as business records and other forms of impermanent data. Where the employer-defendant is not notified that a charge of discrimination has been lodged against him "until well after the event in question, relevant forms in all likelihood have been destroyed ... [and] the defendant has no means to reconstruct or dispute the circumstances underlying the change ..." *JBG Properties, Inc. v. District of Columbia Office of Human Rights,* D.C. App., 364 A.2d 1183, 1186 (1976) (*quoting EEOC v. Air Guide Corp.,* 395 F.Supp. 600, 604 (S.D.Fla.1975)).

Examination of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1976), is illuminating. Congress, in fashioning Title VII, recognized that discrimination claims became stale quickly. Congress sought to compel the exercise of rights of action under Title VII within a reasonable time so that a defendant might have a fair opportunity to prepare an adequate defense. The employer-defendant in a Title VII case must be notified of a discrimination claim against him within ten days of the filing of the charge with the Equal Employment Opportunities Commission (EEOC). Furthermore, the complaint must be filed with the agency within 180 days of the alleged discriminatory practice. 42 U.S.C. § 2000e–5(e). The federal legislation, unlike the District's Human Rights Act, makes filing with the EEOC a prerequisite to subsequent litigation. Consequently, under the federal scheme, potential defendants have notice of all discrimination claims lodged against them no later than 190 days after the alleged discriminatory practice.

The D.C. Act requires that complaints be filed with OHR within one year of the alleged discriminatory practice and that OHR notify the employer-defendant of the discrimination charge against him within 15

---

**3.** Retaliation against a person for the exercise of rights provided by the Act is a separately prohibited act, D.C.Code 1973, § 6–2271(a).

days from the filing of the complaint. D.C. Code 1973, § 6–2284(a).

While Congress estimated that discrimination claims may become stale after 190 days, the City Council has legislated that these claims must be filed no later than one year and 15 days after the alleged discriminatory practice or its discovery.

In *Brown v. Capitol Hill Club*, D.C.App., 425 A.2d 1309 (1981), we noted that "[t]he Act provides specific timetables and procedures for filing a claim of discrimination: within one year of the alleged discriminatory practice or its discovery.... A complainant, seeking ... relief, may file a complaint either with OHR ... or in any court of competent jurisdiction." *Id.* at 1311.

■ It is the impermanent nature of the evidence upon which discrimination claims are based as well as the desire to promote rapid compliance with the Act that leads us to conclude that the one year limitation period, D.C.Code 1973, § 6–2284(a), applies to actions at law commenced under the Act.

### III

Appellant enunciates several arguments in attempting to avoid the one year limitation period. He contends that, pursuant to Super.Ct.Civ.R. 15(c), the amended complaint relates back to the date the original complaint was filed. He further argues that since discovery was taken on the retaliation claim, PEPCO was put on notice that the claim was at issue. Lastly, it is argued that PEPCO's actions constituted a continuing violation of the Act and that the limitation period was tolled thereby.

■ Super.Ct.Civ.R. 15(c) is an adoption without modification of the corresponding federal rule governing the relation back of amendments to the pleadings, *Strother v. District of Columbia*, D.C.App., 372 A.2d 1291 (1977). The fiction of "relation back" is of obvious importance to one seeking to avoid the bar interposed by the period of limitation. The rule is founded upon the premise that once litigation involving a particular core of fact has commenced, a defendant is not entitled to the protection afforded by a statute of limitations against the subsequent assertion of claims arising out of the events described in the original pleadings. 6 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, *Civil* § 1496, at 482–83. However, a new cause of action may not be set forth in an amended complaint by setting up new matter or changed circumstances arising after the filing of the original complaint. Where the claimant attempts to allege an entirely different transaction by amendment, the new claim is subject to the statute of limitations defense. *Id.* 1497, at 489–90.

■ In this instance, appellant was not discharged until approximately two weeks after the original complaint was filed. Rule 15(c) does not rescue allegations based upon events that had not yet occurred at the time the original complaint was filed.

■ Appellant entreats us to refrain from applying the one year period of limitation as a mortal blow to his retaliation charge because discovery had commenced. Appellant contends that the depositions should have put PEPCO on notice that the retaliation charge was at issue. However, the record discloses that PEPCO deposed appellant on a single occasion one month after the discharge. The facts surrounding appellant's discharge were not discussed. When asked during the course of that deposition whether he had filed a retaliation claim against PEPCO, both appellant and his counsel stated that no retaliation claim had been filed. During appellant's deposition of certain PEPCO employees, appellant propounded a series of questions relating to the retaliation issue. PEPCO specifically objected to any questions surrounding the circumstances of appellant's discharge because there was no claim for improper termination in the complaint. In light of appellant's statement that no retaliation claim had been filed and the failure of the parties to engage in extensive factfinding on the issue, we conclude that the parties did not treat the case as involving a charge of retaliatory discharge.

Finally, the doctrine of continuing violation does not assist appellant. In *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977), the Supreme Court ruled that an employer may treat an allegedly discriminatory practice as lawful if it was committed more than 180 days (the Title VII period of limitation) prior to the filing of the charge. The Court indicated that where one is claiming continued discrimination, then the "critical question is whether any present *violation* exists." (*Id.* at 558, 97 S.Ct. at 1889; emphasis in original). Though *Evans* involved a discrimination claim under Title VII, we believe that the logic of the opinion applies with equal force to actions commenced under the Act.

It is clear on this record that when appellant did file the amended complaint there was no existing violation. If no violation then existed, then none could have been continuing. Furthermore, the "severing of the employment relationship ordinarily terminates a discrimination against the severed employee, and activates the time period for filing charges...." *Laffey v. Northwest Airlines, Inc.*, 185 U.S.App.D.C. 322, 366, 567 F.2d 429, 473, *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1976). Appellant had one year from the date of his discharge to file a complaint alleging retaliation. He failed to do so and his claim is now barred by the limitation period.

We hold that the Act's one year limitation period, D.C.Code 1973, § 6–2284(a), applies to actions at law and that the Superior Court correctly ruled that the retaliation count in appellant's amended complaint was barred by the limitation period.

*Affirmed.*