■ In the Matter of ARNOLD R. VASBINDER, Respondent, v THOMAS HARTNETT, as Director of the Governor's Office of Employee Relations, et al., Appellants.—Kane, J. Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered May 7, 1985 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of respondent Department of Education terminating his probationary appointment.

Petitioner was employed in a probationary capacity as associate vocational rehabilitation counselor by respondent Department of Education (Department). On June 10, 1983, petitioner received a notice terminating him from his probationary position effective July 14, 1983.* In response to this notice of termination, petitioner first commenced an administrative grievance procedure pursuant to the collective bargaining agreement. By decision dated October 3, 1983, this grievance was dismissed.

On January 26, 1984, petitioner commenced the instant CPLR article 78 proceeding to review the determination terminating his employment as associate vocational rehabilitation counselor. Special Term, without addressing the issue raised by respondents that the proceeding was barred by the Statute of Limitations (CPLR 217), found that petitioner's allegation of bad faith raised a triable issue of fact. Accordingly, the court directed a trial of this issue and, after trial, the jury returned a verdict in petitioner's favor. Special Term thus granted petitioner's application and this appeal ensued.

Respondents contend that petitioner's termination became final and binding on July 14, 1983, the date that petitioner's employment as associate vocational rehabilitation counselor ended. Since the instant proceeding was commenced on January 26, 1984, more than four months thereafter, respondents argue that it was untimely under CPLR 217. We agree.

In *Matter of De Milio v Borghard* (55 NY2d 216), the Court of Appeals instructs us that in a case such as this, to review the discharge of a *probationary* employee, the limitations period begins to run from the date of the employee's discharge (see, *Matter of Edelman v Axelrod*, 111 AD2d 468, 469).

* Petitioner's employment reverted to his lower level permanent position.

Significantly, in *De Milio,* the fact that the employee unsuccessfully availed himself of a contractual grievance procedure prior to commencing the proceeding did not influence the court's analysis. Moreover, it has been held as a general rule that invocation of a grievance procedure will not serve to toll the statutory time limit prescribed by CPLR 217 *(see, Matter of Queensborough Community Coll. v State Human Rights Appeal Bd.,* 41 NY2d 926; *Matter of Jones v McGuire,* 92 AD2d 788).

Finally, we note that the record fails to support petitioner's suggestion that his termination was not final until the October 3, 1983 decision dismissing his grievance. Petitioner sought review of the merits of his grievance through a limited exception in the grievance procedure. That is, petitioner had to present prima facie proof that his termination was arbitrary or capricious before his grievance would be considered on the merits *(see,* 9 NYCRR 560.3 [f]). In the October 3, 1983 decision it was concluded that petitioner's grievance was not subject to review under this exception. The grievance procedure suggests that probationary terminations are final when made and are subject to only limited review. Accordingly, both the record and case law support the view that petitioner's termination became final on July 14, 1983 and that this proceeding is thus time barred.

Having reached this conclusion, it is unnecessary to address respondents' remaining contentions.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.