**Estella M. PARKER, Plaintiff,**

v.

**NATIONAL CORPORATION FOR HOUSING PARTNERSHIPS, Defendant.**

**Civ. A. No. 84–1703 SSH.**

United States District Court, District of Columbia.

July 20, 1988.

Robert B. Wallace, Washington, D.C., for plaintiff.

Stanley J. Brown, Washington, D.C., for defendant.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court upon defendant's supplemental motion to dismiss and to strike plaintiff's request for a jury trial, compensatory damages, and punitive damages under Title VII. Upon consideration of the motion, the opposition and reply thereto, and the entire record herein, the Court concludes the motion should be granted.

The facts of this case have been set forth fully in the Court's memorandum opinion of August 22, 1985. *Parker v. NCHP*, 619 F.Supp. 1061 (D.D.C.1985).[1] Briefly, the more pertinent facts follow: On December 5, 1980, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) asserting that her employer, the National Corporation for Housing Partnerships, discriminated against her on the basis of race. On December 22, 1980, plaintiff also filed a claim of race discrimination with the District of Columbia Office of Human Rights (OHR). While the matter was pending before the OHR, plaintiff amended her complaint to assert a claim for retaliation. After preliminary investigation, on August 12, 1981, the OHR determined that there was no probable cause to support plaintiff's claim of discrimination but that there was probable cause to support her claim of retaliation. By letters dated August 25, 1981, and February 17, 1982, plaintiff requested the OHR to transfer the matter to the EEOC because she was not satisfied with the OHR's processing of the matter. The OHR continued to process plaintiff's claim.

Subsequently, on November 18, 1982, the OHR dismissed plaintiff's claim for failure to prosecute. On November 26, 1982, plaintiff requested reconsideration of the OHR's dismissal. On May 30, 1984, the Commission on Human Rights (CHR) sustained the OHR's dismissal of plaintiff's complaint. Plaintiff never withdrew her claim from the OHR prior to the time the

---

1. This Court previously had dismissed the complaint. On June 2, 1987, the Court of Appeals remanded plaintiff's case (by an unpublished order) based upon the Supreme Court's opinion in *University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).

CHR sustained the OHR's dismissal of plaintiff's claim for failure to prosecute. Plaintiff never clearly indicated to either the OHR or the CHR that she wanted to withdraw her claim before the OHR so that she could pursue her complaint in a court of competent jurisdiction.

By letter dated March 2, 1983, Mayor Marion S. Barry, Jr. apprised plaintiff that:

Once you have fully exhausted your administrative remedy, you can have the order of the Commission judicially reviewed, by filing a petition for such review in the District of Columbia Court of Appeals, pursuant to Section 6–2294 of the D.C. Human Rights Act.

Plaintiff never sought judicial review of the CHR's actions. It appears that plaintiff abandoned her claim before the OHR.

On May 2, 1984, the EEOC issued to plaintiff a Notice of Right To Sue, and on June 4, 1984, plaintiff filed a complaint with this Court.

Plaintiff's claims currently before the Court are based on 42 U.S.C. § 1981, the District of Columbia Human Rights Act (HRA), D.C.Code § 1–2525, and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*

As plaintiff concedes, her claim for relief pursuant to 42 U.S.C. § 1981 is barred by the statute of limitations. [Plaintiff's opposition to motion to dismiss, pp. 1–2.]

■ Plaintiff's claim for relief under the HRA is barred by the election of remedies doctrine. Section 1–2556 of the D.C. Code, which sets forth the election of remedies rule, provides:

(a) Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder: Provided, that where the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed. No

person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under this chapter may file the same complaint with the Office.

The jurisdiction of the Court and the OHR are mutually exclusive. *Brown v. Capitol Hill Club*, 425 A.2d 1309, 1311 (D.C.1981). An aggrieved party who has filed a complaint with the OHR may file a complaint in a court of competent jurisdiction only when the OHR dismisses the complaint on the ground of administrative convenience or when the complainant withdraws her complaint before the OHR renders an administrative decision. *Id.* Plaintiff's complaint was never dismissed on the ground of administrative convenience and she never withdrew her complaint from the OHR before the OHR rendered its administrative decision dismissing plaintiff's claim. Accordingly, under the clear language of the statute, plaintiff is precluded from bringing her claim under the HRA in any court.

■ Plaintiff argues that in this case equitable principles should override the election of remedies rule because she attempted to withdraw her claim pending before the OHR and the OHR would not permit her to withdraw her claim. The Court does not agree. First, plaintiff's letters to the OHR of August 25, 1981, and February 17, 1982, which plaintiff now argues were an attempt to withdraw her claim, request that the OHR transfer plaintiff's claim to the EEOC for processing because plaintiff was not satisfied with the OHR's processing of her claim. It appears that plaintiff's claim under the HRA would have been preserved if, upon receipt of these two letters, the OHR had ceased processing plaintiff's claim and transferred the case to the EEOC. The letters, however, do not at all indicate that plaintiff wanted to preserve her claims under the HRA so that she could file an action under the HRA in a court of competent jurisdiction. Under the workshare agreement then in effect between the EEOC and the OHR, the EEOC, regardless of the OHR's disposition of the claim, would review plaintiff's claim under Title VII after the OHR

had completed its processing of plaintiff's claim under the HRA.[2] The OHR quite reasonably, in light of the ambiguity of plaintiff's letters, continued to process plaintiff's claims before the OHR. The OHR's actions, therefore, were the result of plaintiff's unclear request and plaintiff does not merit the benefit of equitable principles. Second, if plaintiff believed that the OHR was acting improperly in connection with her claim, her proper remedy was to seek judicial review of the OHR's action in the District of Columbia Court of Appeals. Section 1–2554 of the D.C.Code provides:

> Any person suffering a legal wrong, or adversely affected or aggrieved by, an order or decision of the Commission in a matter, pursuant to the provisions of this chapter is entitled to a judicial review thereof. . . .

Plaintiff knew of her right to judicial review of the OHR's actions because Mayor Barry had specifically advised her of that right in his March 2, 1983, form letter to her. Plaintiff waived her right to seek review of the OHR's action and she cannot now ignore the consequences of her waiver. Therefore, plaintiff's claim under the HRA is dismissed.

Remaining in this action are plaintiff's Title VII claims under counts 1 and 2 of her complaint. Plaintiff concedes that she does not have a right to a jury trial, compensatory damages, or punitive damages under Title VII. [Plaintiff's opposition to motion to dismiss, p. 6.]

An appropriate Order accompanies this Memorandum Opinion.

### ORDER

Upon consideration of defendant's supplemental motion to dismiss, it hereby is

ORDERED, that the motion is granted. Plaintiff's claims under 42 U.S.C. § 1981 and the District of Columbia Human Rights Act, D.C.Code § 1–2525, are dismissed.

Upon consideration of defendant's motion to strike plaintiff's request for a jury

trial, compensatory damages, and punitive damages, it hereby further is

ORDERED, that the motion is granted. SO ORDERED.

---

**2.** Although the OHR found no probable cause to support plaintiff's claim of discrimination, the EEOC routinely issued plaintiff a right to sue on both her discrimination and retaliation claims.