**Helen ANDERSON, Appellant,**

v.

**U.S. SAFE DEPOSIT COMPANY, et al., Appellees.**

No. 87–528.

District of Columbia Court of Appeals.

Submitted April 7, 1988.
Decided Jan. 10, 1989.

Joel P. Bennett, Washington, D.C., was on the brief, for appellant.

Kathleen M. Williams, Washington, D.C., was on the brief, for appellees.

Before ROGERS, Chief Judge,[*] FERREN, Associate Judge, and REILLY, Senior Judge.

REILLY, Senior Judge.

Before us is an appeal from an order entered in the Superior Court dismissing an action charging U.S. Safe Deposit Company [1] with sexual discrimination and harassment in a termination of employment in violation of the Human Rights Act of 1977. D.C.Code § 1–2501, *et seq.* (1987 Repl.). The challenged order granted a motion to dismiss contending that the action was barred by (1) an untimely failure to withdraw an administrative complaint previously filed with the Office of Human Rights and (2) the statute of limitations. The certified record does not disclose which ground the motions court relied upon, but as either was a valid ground for dismissal, we affirm.

Appellant was separated from employment on May 10, 1985, but let almost a year elapse before officially invoking any claim of discrimination under the Human Rights Act ("the Act"). On May 6, 1986, she filed with the Office of Human Rights (OHR) an administrative complaint alleging that she was aggrieved by discriminatory employment practices made unlawful by § 1–2512 of the Act. Such filing was timely as the one year period prescribed by this section of the Act, § 1–2544(a), still had

---

[*] Judge Rogers was an Associate Judge of the court at the time this case was submitted for decision. Her status changed to Chief Judge on November 1, 1988.

1. The complaint also named two individuals as co-defendants. Neither are parties to this appeal.

four days to run. It should also be noted that on this date the complainant also had the option of commencing a law suit, for § 1–2556, of the Act provides a cause of action in court to any person claiming to be aggrieved by a discriminatory practice, *"unless* such person has filed a complaint." [2]

On November 4, 1986, OHR, which is an investigating and prosecuting entity as distinguished from the Human Rights Commission, the agency empowered to adjudicate complaints and issue remedial orders, notified the parties pursuant to § 1–2545(b) that it had determined there was probable cause to believe that appellant's employer had engaged in unlawful practices. The case then became ripe for the service of notice of hearing before the Commission in accordance with § 1–2550.

Before such hearing was conducted, appellant's counsel, by letter of January 7, 1987, notified OHR that it was withdrawing the complaint and had filed suit on that very same day in the Superior Court—some twenty months after the occurrence of the asserted discriminatory conduct.

## I

In urging affirmance of the dismissal order, the employer (appellee here) cites *Brown v. Capitol Hill Club,* 425 A.2d 1309 (1981), as controlling authority for the ruling in the trial court. In that case, as in this one, an employee fired from his job lodged a complaint with OHR. After investigating the matter, the agency found

no probable cause to support the complaint and notified the complainant in writing to that effect. He informed the agency that he was withdrawing the complaint and subsequently brought an action on the same claim in the Superior Court where it was dismissed two months later.[3] He appealed.

Our opinion affirming pointed out that the Act gave a person aggrieved a right to file an OHR complaint or a right to sue in court, but that these options are mutually exclusive. We observed that the rule, however, has two qualifications: "Where OHR dismisses a complaint on grounds of administrative convenience, or where the complainant withdraws his complaint before an administrative decision is rendered, such person retains the right to file a complaint in court." *Id.* at 1311.

We then found that by the time the claimant in *Brown* had withdrawn his complaint, the OHR had completed the investigation referred to in § 1–2544(b). Accordingly, we held him precluded from instituting a *de novo* proceeding on the same matter in court.

In the case before us, OHR had also plainly completed its investigation before appellant withdrew her complaint, for she had received notice two months earlier of its probable cause determination. Hence, it appears that her right to judicial relief was barred by the broad *Brown* holding. "The code and regulations make clear that to preserve the right to bring the same action in court, withdrawal must occur prior to the agency's disposition," *id.* at 1312.[4]

**2.** We have held that the option of pursuing a judicial remedy, rather than resorting to agency relief, is also subject to the one year period of limitation. *Davis v. Potomac Elec. Power Co.,* 449 A.2d 278, 281 (D.C.1982).

**3.** The one year period of limitation was not the ground of dismissal, for in *Brown,* the suit in the Superior Court was filed within eight months after the termination of employment.

**4.** The provisions of the Code referred to in *Brown* for this proposition, have been renumbered in the current revision, but the wording is identical:

§ 1–2556. **Private cause of action.**

(a) Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of compe-

tent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder: *Provided, that where the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed.* No person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under this chapter may file the same complaint with the office.

§ 1–2544. **Filing of complaints.**

\*    \*    \*    \*    \*    \*

(b) Complaints filed with the Office under the provisions of this chapter may be volun-

Appellant argues, however, that the instant case is distinguishable because in contrast to *Brown,* where OHR found no merit in the complaint, it reached the opposite conclusion with respect to her complaint. We are urged to deem this difference as a compelling reason for reversal of the trial court's dismissal, and to adopt the rule of decision on this issue set out by Judge Flannery of the United States District Court for the District of Columbia in *Jones v. Management Partnership, Inc.,* 32 Fair Empl.Prac.Cas. (BNA) 639, 640 (D.D.C. 1983), and followed by two of his colleagues in cases where the same circumstance existed, *e.g., Blake v. American College of Obstetricians & Gynecologists,* 608 F.Supp. 1239 (D.D.C.1985); *Weaver v. Gross,* 41 Empl.Prac.Dec. (CCH) ¶ 36,446 (D.D.C.1986) [1986 WL 7553]

In the *Jones* case, the defendant in moving to dismiss, drew the federal court's attention to *Honig v. District of Columbia Office of Human Rights,* 388 A.2d 887 (D.C.1978), which the court described as holding that the withdrawal of a complaint after OHR had found it lacking in probable cause, barred the claimant from suing in court, because it had not been withdrawn before the agency's final disposition.[5]

Judge Flannery concluded that our holding was not applicable to the facts in the case before him, stating in his memorandum:

> Defendant's reliance on *Honig* is misplaced, because in that case the adminis-

trative process was complete. In the case at bar, on the other hand, plaintiff's administrative action was very much alive, and awaiting a hearing by the Commission on Human Rights, when she decided to withdraw it and proceed in court. To allow plaintiff to proceed in this case does not present the danger faced by the *Honig* court of disappointed administrative complainants receiving an undeserved second opportunity to press their claims. Accordingly, plaintiff's claims under the Human Rights Act are not barred by reason of her prior administrative complaint.

32 Fair Empl.Prac.Cas. at 640–41.

While we have great respect for the federal judges in this jurisdiction and frequently find guidance in their written opinions, we, of course, are not bound by their interpretations of local statutes.[6] In this instance, we think Judge Flannery's conclusion incorrect. He might have decided differently had the litigants in *Jones* drawn his attention to the actual text of § 1–2544(b), *supra* note 4, which specifies the "completion of [OHR's] investigation and finding" as beyond the deadline for permissible voluntary withdrawals. It is true that at the time the complaint in *Jones* was withdrawn, it was still alive at the administrative level, but this factor has no bearing on a complainant's standing to sue.

The *Jones* decision also overlooked the paragraph in our *Brown* opinion (possibly

---

tarily withdrawn at the request of the complainant at any time *prior to the completion of the Office's investigation and findings* as specified in § 1–2545, except that the circumstances accompanying said withdrawal may be fully investigated by the Office.
§ 1–2545. Investigation.
  (a) After the filing of any complaint, the Office shall serve, within 15 days of said filing, a copy thereof upon the respondent, and upon all persons it deems to be necessary parties; and shall make prompt investigation in connection therewith.
  (b) Within 120 days, after service of the complaint upon all parties thereto, the Office shall determine whether, in accord with its own rules, it has jurisdiction; and *if so, whether there is probable cause to believe that the respondent has engaged or is engaging* in an unlawful discriminatory practice.

  (c) If the Office finds, with respect to any respondent, that it lacks jurisdiction or that probable cause does not exist the Director forthwith shall issue and cause to be served on the appropriate parties, an order dismissing the allegations of the complaint. (1973 ed., § 6–2285; Dec. 13, 1977; D.C.Law 2–38, title III, § 305, 24 DCR 6038.)
(Emphasis supplied.)

5. Curiously enough, the doctrine of our court which the federal court summarized in its memorandum was enunciated in the *Brown* case, not *Honig.* The latter came up on direct review of an OHR dismissal and did not address the impact of an OHR disposition on a complainant's access to court, except in a passing reference to a provision of the Act now codified as § 1–2556, *supra* note 4.

6. *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971).

because the case was miscited) in which we referred to *Allison v. School District*, 4 Fair Empl.Prac.Cas. 898 (N.Y.Sup.Ct. 1972)[7] as "instructive." In that case, an aggrieved employee obtained a state agency finding of discrimination and then "filed suit" in court. The New York court dismissed on the ground that having made his election, he was barred from proceeding in court.[8] Thus, it cannot be inferred that our holding in *Brown* was intended to apply only to OHR investigations resulting in agency action unfavorable to the complainant. There is not a word in the *Brown* opinion (or in *Honig* for that matter) which adverts to any policy of deterring disappointed administrative litigants from exercising an "undeserved second opportunity to press their claim."

## II

But even assuming *arguendo*—as the motions court may have done in this case—that an OHR determination of probable cause does not foreclose an administrative complainant from pursuing a judicial remedy, we perceive no error in granting the motion to dismiss as appellant's suit was plainly barred by the Act's one year statute of limitations. *Davis, supra* note 2, 449 A.2d at 278. Judge Flannery in *Jones* reached the same conclusion, noting that plaintiff in that case did not file suit until two years after the discharge from employment.

Appellant urges us to disregard this portion of the *Jones* decision because she had filed her complaint with OHR a few days before the one year period of limitations had expired, and commenced her action in the trial court on the very day she withdrew her administrative complaint. Therefore, she argues that the running of the statute of limitations was suspended during the pendency of the complaint in OHR. Her position is supported by subsequent decisions of two other United States district judges who rejected the *Jones* disposition of the issue and applied tolling principles to the Human Rights Act. *Blake, supra,* 608 F.Supp. 1239; *Weaver, supra,* 41 Empl.Prac.Dec. (CCH) ¶ 36,446. In both cases the respective actions were filed in federal court well beyond a year after the alleged wrongful discharges, but were held not to be time-barred, as the judges viewed the limitation period tolled while OHR was investigating the administrative complaint previously filed.

In our view, neither Federal holding can be supported.[9] Both were based upon a perceived resemblance between the local act and its "Federal counterpart," Title VII of the Civil Rights Act, which caused the authors of those opinions to conclude that "the policy in support of conciliation and voluntary compliance through administrative proceedings would be short circuited" unless the statute of limitations was stayed during the agency process.

With all deference, it appears to us that in reaching this conclusion, the courts overlooked two crucial distinctions between the D.C. Act and its federal "counterpart," Title VII of the Civil Rights Act. It is true that the latter enactment is plainly intended to prefer administrative remedies before resort to the courts.[10] We perceive no such policy in our local act, as the commission of a discriminatory practice immediately vests a person aggrieved thereby with "a cause of action in any court of competent jurisdiction *unless such* person has filed a complaint ... [*i.e.,* an OHR complaint]." *See* § 1–2556(a), *supra* note 4. In short, unlike the federal statute, the Act provides for an

---

7. 70 Misc.2d 215, 333 N.Y.S.2d 261 (N.Y.Sup.Ct. 1972).

8. *See Brown, supra,* 425 A.2d at 1312–13.

9. One of these, *Blake,* is referred to in the annotation to the current official codification of the Act, D.C.Code § 1–2544 (1987 Repl.). The *Weaver* case adopted without extended analysis the *Blake* conclusion.

10. Under Title VII, an aggrieved employee must file a charge with the Equal Employment Opportunity Commission and obtain from that agency a notice of right to sue before he has access to the courts. 42 U.S.C. § 2000e–5(c) (1982). It is not until such a notice issues that the time period for filing a civil action begins to run.

*ab initio* election of remedies.[11]

The same subsection discloses that the exercise of choice to go the administrative route does not forever bar a complaint from access to the courts. If complainant decides to reverse course and withdraws the OHR complaint (presumably before the deadline fixed by § 1–2544, *supra* note 4) a proviso states that the complainant "shall maintain all rights to bring suit, *as if no complaint had been filed."* The underscored clause makes it clear, that a grievant who files an administrative complaint and then withdraws it in timely fashion is on no better footing than a grievant who passes up the administrative process and elects to sue. If the latter does not commence suit until fourteen months after the allegedly discriminatory discharge, such suit would obviously be barred by the one year limitations period. Plainly the first grievant is not entitled to different treatment upon also failing to file suit within a year.

We deem the proviso to subsection 1–2556(a) as dispositive of the tolling issue and therefore hold that the appellant's failure to begin her action in the Superior Court within one year after the asserted discriminatory act occurred, was a compelling ground for dismissal.[12]

AFFIRMED.

---

**11.** Where an employee claiming wrongful discharge is not required to exhaust administrative remedies before suing his employer, the statute of limitations is not tolled. *Condol v. Baltimore & O.R.R.,* 91 U.S.App.D.C. 255, 256, 199 F.2d 400, 401 (1952); *accord, Vasbinder v. Hartnett,* 129 A.D.2d 894, 894, 514 N.Y.S.2d 530, 531, *appeal denied,* 70 N.Y.2d 606, 519 N.Y.S.2d 1029, 513 N.E.2d 1309 (1987); *Ray v. Organization of School Admrs. & Supervisors, Local 28 AFL–CIO,* 141 Mich.App. 708, 367 N.W.2d 438 (1985).

**12.** In the event we found no error in the dismissal order, appellant requested us to remand the matter to OHR for an administrative hearing. We know of no rule or statute which would authorize such remand by this court, as the case is before us on appeal from the trial court rather than on a petition for review of a final agency order.