Anita T. WEISS, Plaintiff,

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, and Anthony J. Salamone, Defendants.**

**Civ. A. No. 89–340 SSH.**

United States District Court, District of Columbia.

Jan. 24, 1990.

---

Robert N. Levin, Washington, D.C., for plaintiff.

George Chuzi, Washington, D.C., for defendant Salamone.

Terry R. Yellig, Washington, D.C., for defendant Intern. Broth. of Elec. Workers.

## OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' motion to dismiss Counts II, III, and IV of plaintiff's amended complaint, and on defendant IBEW's motion to strike the class action allegations of Count V of the amended complaint. For the reasons set forth below, defendants' motions are granted and Counts II, III, IV, and V are dismissed.

### Background

In October 1974, defendant International Brotherhood of Electrical Workers ("IBEW") hired plaintiff as a secretary. On August 24, 1984, plaintiff became the confidential secretary to defendant Anthony Salamone. Plaintiff alleges that from the time she began working for Salamone, he began a pattern of making sexual advances toward her, and that on one occasion, he pushed her against a door jam in their offices, repeating his advances. Salamone retired from his position with IBEW on April 1, 1987. In September 1987, plaintiff filed a claim of sex discrimination with the District of Columbia Office of Human Rights ("OHR"). Plaintiff alleges that the IBEW then retaliated against her by giving her performance ratings below what she previously had been given and below what she deserved, by passing her over for available positions at her proper pay rate and

pay, by excluding her from meetings, and by harassing and demeaning her in the presence of other workers. She also alleges that IBEW generally maintained an atmosphere hostile to women. As a result, plaintiff alleges, she suffered mental and emotional distress requiring medical attention. On April 29, 1988, plaintiff took a medical leave of absence from the IBEW. Plaintiff filed this action on February 8, 1989, and her complaint subsequently was amended on March 15, 1989.

### Discussion

1. *The District of Columbia Human Rights Act Claim*

▮ In Count Two of her amended complaint, plaintiff alleges violations of the District of Columbia Human Rights Act, D.C.Code §§ 1–2511, 1–2512 ("HRA"). Defendants have moved to dismiss this claim, contending that it is barred by the statute of limitations.

The HRA provides at § 1–2544(a) that: "Any complaint under this chapter shall be filed with the Office within 1 year of the occurrence of the unlawful discriminatory practice, or the discovery thereof...." It is well-settled that this one-year statute of limitations is also applicable to judicial actions brought under the HRA. *Davis v. Potomac Electric Power Co.*, 449 A.2d 278, 281 (D.C.1982); *see also Blake v. American College of Obstetricians and Gynecologists*, 608 F.Supp. 1239, 1241 (D.D.C.1985). Because plaintiff filed her complaint on February 8, 1989, the discriminatory conduct alleged must have occurred on or after February 8, 1988. Even under a continuing discrimination theory, a plaintiff must show:

a series of related acts, one or more of which falls within the limitation period, or the maintenance of a discriminatory system both before and during the [limitation] period....

*Valentino v. United States Postal Service*, 674 F.2d 56, 65 (D.C.Cir.1982) (quoting B. Schlie & P. Grossman, *Employment Dis-*

*crimination Law* 232 (Supp.1979)).[1] "[T]he emphasis should not be placed on mere continuity; the critical question is whether any present *violation* exists." *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977) (emphasis in original).

The individual defendant, Anthony Salamone, left his employment with the IBEW on April 1, 1987. Thus, any allegedly wrongful conduct toward the plaintiff by him must have occurred prior to that date, clearly outside the limitations period. Plaintiff argues, however, that the filing of her claim with the District of Columbia Office of Human Rights ("OHR") on September 24, 1987, tolled the statute of limitations. A recent decision of the District of Columbia Court of Appeals refutes plaintiff's argument. In *Anderson v. United States Safe Deposit Co.,* 552 A.2d 859, 863 (D.C.1989), the court held that any HRA claim not brought within the one-year statute of limitations is barred, regardless of whether a claim is first filed with the OHR. Unlike Title VII of the Civil Rights Act, the HRA does not require exhaustion of remedies before pursuit of a judicial remedy, but instead "provides for an *ab initio* election of remedies." *Id.* Furthermore, a claimant who files a claim with the OHR may still file a lawsuit, but only if the administrative claim is withdrawn prior to completion of the OHR's investigation or if the OHR dismisses the complaint for administrative convenience. D.C.Code § 1–2556. If a claimant were permitted to toll the limitations period by filing an administrative claim, such a claimant could effectively "buy" more time by simply withdrawing the claim according to the statutory requirements, and then filing a lawsuit. The *Anderson* court concluded that the statute does not provide for this

result, and this Court is bound by that holding.[2] Thus, plaintiff cannot prevail on her tolling argument, and Count Two must be dismissed as to the individual defendant.

■ As to the IBEW, plaintiff argues that she was continually harrassed up to the time she took a medical leave of absence on April 29, 1988. Specifically, she alleges that on April 22, 1988, the IBEW failed to select her for a position at her grade level, and instead demoted her. Taking all allegations in the complaint as true, the Court might have been able to sustain plaintiff's argument that the alleged discriminatory conduct on the part of the IBEW continued into the one-year statutory period. However, the Court finds that plaintiff's HRA claim is barred by the election of remedies doctrine, and thus Count One also must be dismissed as to the IBEW.

"The jurisdiction of the Court and the OHR are mutually exclusive." *Parker v. National Corp. for Housing Partnerships,* 697 F.Supp. 5, 7 (D.D.C.1988) (citing *Brown v. Capitol Hill Club,* 425 A.2d 1309, 1311 (D.C.1981)). Under § 1–2556 of the D.C.Code, a person who has filed a complaint with the OHR may not then bring a judicial action unless that person has dismissed it prior to the completion of the OHR investigation or the OHR has dismissed it for administrative convenience. In her amended complaint, plaintiff alleges that she filed a complaint with the OHR in September 1987. Nowhere in her complaint, however, does she state that the complaint was withdrawn in timely fashion or dismissed for administrative convenience. In fact, plaintiff never has informed the Court of the ultimate resolution of her administrative complaint.[3] The indi-

---

**1.** The continuing discrimination theory is generally used in Title VII claims.

**2.** In *Blake, supra,* this Court held that the one-year statute of limitations was tolled during the pendency of an administrative action before the OHR. 608 F.Supp. at 1241. However, the District of Columbia Court of Appeals is the controlling authority on the interpretation of local statutes. Thus, this Court now may not follow

its holding in *Blake* as to the HRA interpretation.

**3.** In plaintiff's opposition, she states in paragraph 10 that on September 24, 1987, she "initiated an administrative claim, raising the matters at issue in this case which had occurred up to that time." She goes on to state in paragraph 11 that "[s]aid administrative proceeding was pending until November 8, 1988 when Plaintiff was issued a 'Notice of Right to Sue' letter."

vidual defendant does provide the Court with a letter from the OHR to plaintiff dismissing plaintiff's administrative complaint for lack of prosecution on February 28, 1989. Thus, plaintiff obviously did not withdraw it herself before filing this lawsuit, the OHR did not dismiss it for administrative convenience, and plaintiff's HRA claim must be dismissed under the election of remedies doctrine. *See Parker*, 697 F.Supp. at 7.

### 2. The Battery Claim

■ In Count IV of her amended complaint, plaintiff alleges that defendant Salamone committed a battery against her. Defendant argues that this claim also is barred by the statute of limitations, and the Court agrees. The statute of limitations for a battery claim is one year. D.C. Code § 12–301(4). The limitations period for a tort begins to run on the date of the injury. *Shehyn v. District of Columbia*, 392 A.2d 1008, 1013 (D.C.1978). Although plaintiff does not indicate the date on which the alleged battery occurred, it must have occurred before April 1, 1987, when Salamone retired from his position at IBEW. Her claim for battery thus was not filed within the one-year limitations period and must be dismissed.

### 3. The Intentional Infliction of Emotional Distress Claim

■ Defendants argue that plaintiff's claim for intentional infliction of emotional distress is subject to a one-year statute of limitations, and that it, too, is time-barred. The D.C.Code does not provide a specific limitations period for such an action, but does provide that the statute of limitations for actions "for which a limitation is not otherwise specifically prescribed [is] 3

years." D.C.Code § 12–301(8). However, this court has consistently held that the limitations period for the tort of intentional infliction of emotional distress is determined by the limitations period prescribed for the underlying conduct giving rise to the claim, where the emotional distress claim arises out of the conduct. *See Rochon v. F.B.I.*, 691 F.Supp. 1548, 1562 & n. 19 (D.D.C.1988); *Thomas v. News World Communications*, 681 F.Supp. 55, 72–73 (D.D.C.1988); *Doe v. Yogi*, 652 F.Supp. 203, 206 (D.D.C.1986); *Burda v. National Ass'n of Postal Supervisors*, 592 F.Supp. 273, 281 (D.D.C.1984), *aff'd*, 771 F.2d 1555 (D.C.Cir.1985); *Hanoch Tel–Oren v. Libyan Arab Republic*, 517 F.Supp. 542, 550 (D.D.C.1981), *aff'd*, 726 F.2d 774 (D.C.Cir. 1984), *cert. denied*, 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985).

Plaintiff by her own admission states that "it is clear that the conduct giving rise to the claim in this case was the Defendants' violation of Plaintiff's rights under Title VII—prohibiting sexual discrimination and harrassment." (Plaintiff's Opposition at 9.) She refutes defendants' argument that the emotional distress claim is based on her battery and HRA claims, and that it is thus barred by a one-year statute of limitations. However, "[t]o the extent that her emotional injuries were the result of the stressful work situation created by the defendant, her claim of intentional infliction of emotional distress [must be] dismissed as subsumed within Title VII...." *Stewart v. Thomas*, 538 F.Supp. 891, 896–97 (D.D.C.1982) (citing *Bundy v. Jackson*, 641 F.2d 934, 946 n. 12 (D.C.Cir.1981)); *see also Green v. American Broadcasting Companies, Inc.*, 647 F.Supp. 1359, 1363 (D.D.C.1986).[4] Accordingly, Count III must be dismissed.

However, the OHR does not issue such notices. The Court was able to discern, but only after reading defendants' pleadings, that the OHR cross-filed plaintiff's claim with the EEOC, and that it was the EEOC that issued the right to sue notice in November 1988. Furthermore, the individual defendant informed the Court in his reply to plaintiff's opposition that the OHR dismissed plaintiff's complaint for failure to prosecute on February 28, 1989, almost three weeks after the filing of this lawsuit. Plaintiff appar-

ently chose not to so inform the Court, nor did she refute defendant Salamone's statement that the OHR dismissed her complaint.

**4.** The court in *Stewart* went on to state that "to the extent that her emotional injuries were a direct result of the defendant's assaultive behavior she may maintain her claim." 538 F.Supp. at 896–97. In this case, however, plaintiff states that her emotional distress claim is premised on her Title VII claim. Even if plaintiff did argue

#### 4. *Class Action*

In Count V of her amended complaint, plaintiff alleges that defendants have engaged in a pattern of sexual discrimination against a class consisting of hundreds of female employees. Defendant IBEW has moved to strike the allegations in Count V on the ground that plaintiff has failed to move for class certification under Federal Rule of Civil Procedure 23(c)(1). In response, plaintiff has moved for a stay of her obligations under Local Rule 203 until discovery has been completed.

Local Rule 203 provides:

**(b) Motion for Certification.** Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, the plaintiff shall move for a certification under Rule 23(c)(1), Federal Rules of Civil Procedure, that the case may be so maintained. In ruling upon the motion, the court may allow the action to be so maintained, may deny the motion, or may order that a ruling be postponed pending discovery or other appropriate preliminary proceedings. A defendant may move at any time to strike the class action allegations or to dismiss the complaint.

Plaintiff's amended complaint was filed on March 15, 1989. She argues, however, that she cannot move for class certification until after she has had adequate time for discovery.[5] However, the 90–day limit of the local rule has been strictly enforced in this Circuit. *See McCarthy v. Kleindienst,* 741 F.2d 1406, 1411 (D.C.Cir.1984); *Black Panther Party v. Smith,* 661 F.2d 1243, 1279 (D.C.Cir.1981), *vacated on other grounds sub nom. Moore v. Black Panther Party,* 458 U.S. 1118, 102 S.Ct. 3505, 73 L.Ed.2d 1381 (1982); *Coffin v. Sec'y of Health, Educ., and Welfare,* 400 F.Supp. 953 (D.D.C.1975). Plaintiff has not offered any compelling reason why the local rule should not be followed in this case. Even if she needed to conduct further discovery, she could have moved for class certification and re-

quested that the Court postpone its ruling. *See Black Panther Party,* 661 F.2d at 1279 ("ongoing research need not have precluded a motion for class certification."). Accordingly, plaintiff's class action allegations are stricken, and her motion for a stay of her Rule 203 obligations is denied.

An appropriate Order accompanies this Opinion.

### ORDER

Upon consideration of defendants' partial motion to dismiss, defendant IBEW's motion to strike class action allegations, the oppositions thereto, and the entire record herein, it hereby is

ORDERED, that defendants' motions are granted for the reasons set forth in the accompanying Opinion. It hereby further is

ORDERED, that the discovery stay imposed by the Court on July 14, 1989, is lifted.

SO ORDERED.

---

that it was premised on her battery claim, the emotional distress claim would then be subject to the one-year statute of limitations for battery, and would be dismissed.

**5.** On July 14, 1989, the Court stayed discovery pending a ruling on defendants' partial motion to dismiss.