Stephanie RONES

and

Barbara Coggins, Plaintiffs,

v.

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et al., Defendants.

Civil Action No. 95–475 SSH.

United States District Court, D. Columbia.

Jan. 27, 1997.

David E. Blum, Washington, DC, for Plaintiffs.

Gary A. Winters, Marc Gary, Angela K. Dorn (pro hac vice), Mayer, Brown & Platt, Washington, DC, Abbey G. Hairston, Bridnetta D. Edwards, Adrian V. Nelson, II, Alexander, Aponte & Marks, Silver Spring, MD, for Defendants.

## *MEMORANDUM ORDER*

STANLEY S. HARRIS, District Judge.

Before the Court are defendants' motions to strike plaintiffs' class action allegations and plaintiffs' motion for class certification.[1] Defendants' motions also request that the Court dismiss the amended class action complaint with prejudice and award attorneys' fees and costs to defendants. Plaintiffs' motion for class certification is denied and defendants' motions to strike plaintiffs' class action allegations and class action claims are granted. Defendants' motions to dismiss plaintiffs' amended complaint are denied. Defendants' motions for attorneys' fees and costs are referred to United States Magistrate Judge Deborah A. Robinson for a report and recommendation.

### *Background*

On March 24, 1995, plaintiffs filed an amended complaint that included class action allegations on behalf of themselves and all other present or former female nonclerical employees of the NAACP, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), claiming violations of Title VII and the Equal Pay Act by defendants. Although Local Rule 203(b) generally requires a plaintiff to file a motion for class certification within 90 days of filing a class action complaint, plaintiffs requested numerous extensions of time for filing their motion for class certification, which the Court granted.

The Court granted plaintiffs' motions for extensions of time to move for class certification on June 26, 1995, September 21, 1995, and February 26, 1996. On May 13, 1996, the Court issued an Order granting plaintiffs another extension of time to file their motion for class certification and extended the filing deadline to July 1, 1996. However, the Court explicitly stated that no further extensions of time would be granted absent extraordinary circumstances. Nonetheless, plaintiff Coggins filed an additional motion to extend time to file the motion for class certification on June 25, 1996. On July 1, 1996, plaintiff Coggins filed yet another motion for an extension of time. On July 3, 1996, based on plaintiff's representation that the motion was unopposed, the Court granted the motion for an extension of time, extending the filing deadline to August 12, 1996.[2] That Order explicitly stated that no further extensions would be granted. Plaintiff Coggins filed yet another motion for an extension of time on July 9, 1996, which this Court denied in an Order dated July 26, 1996.

Defendants NAACP and NAACP individuals filed a motion to dismiss plaintiffs' class action allegations on September 19, 1996. Defendant Chavis filed a motion to dismiss plaintiffs' class allegations, which incorporated the above motion and memorandum in support thereof, on October 1, 1996. Plaintiffs filed an opposition to defendants' motions to dismiss plaintiffs' class allegations and a motion for class certification on September 30, 1996. On October 10, 1996, defendants filed a reply to plaintiffs' opposition to defendants' motions to dismiss.

### *Analysis*

Local Rule 203(b) permits the Court to strike a plaintiff's class allegations or dismiss the complaint upon the defendant's motion if the plaintiff fails to meet the requirements of Local Rule 203(b). Local Rule 203(b) requires that a plaintiff file its motion for class certification within 90 days, a filing deadline which has been " 'strictly enforced in this Circuit.' " *Batson v. Powell,* 912 F.Supp. 565, 570 (D.D.C.1996) (quoting *Weiss v. Int'l Bhd. of Elec. Workers,* 729 F.Supp. 144, 148

---

1. A motion to strike class allegations was first filed by defendant National Association for the Advancement of Colored People ("NAACP") and individual defendants William Gibson, Lewis Meyers, Earl Shinhoster, Fred Rashaad, and Dennis Hayes ("NAACP individuals"). Subsequently, defendant Benjamin Chavis, Jr., filed a motion to dismiss plaintiffs' class allegations, which incorporated the motion and memorandum in support of motion by defendants NAACP and NAACP individuals.

2. It should be noted that, although that Order was signed on July 3, 1996, it was not filed until July 8, 1996. It should also be noted that plaintiffs subsequently informed the Court that they had erred in indicating that consent had been given by defendants to the July 1, 1996, motion for an extension of time.

(D.D.C.1990); *accord McCarthy v. Kleindienst,* 741 F.2d 1406 (D.C.Cir.1984) ("[I]t would manifestly be within the Court's discretion to refer to the [local] rule as a non-binding benchmark against which the timeliness of a class certification motion could be measured") (internal citations omitted)). As noted above, plaintiffs filed their amended complaint containing class action allegations on March 24, 1995, and were granted numerous extensions which resulted in a final filing date for plaintiffs' motion for class certification of August 12, 1996, at the very latest. This Court repeatedly informed plaintiffs that no further extensions would be granted.

In spite of the generous amount of time granted plaintiffs to file their class certification motion and this Court's warnings that no more extensions would be granted, plaintiffs failed to timely file their motion for class certification on August 12, 1996. In fact, the motion for class certification was not filed until September 30, 1996—a full seven weeks after the final filing date set by the Court. Furthermore, this tardy motion was made only after defendants NAACP and NAACP individuals filed a motion to strike class allegations based on the grounds that plaintiffs had failed to timely file a motion for class certification.

■ This Court sees no valid basis on which to grant plaintiffs a de facto seven-week extension of plaintiffs' final filing date. Plaintiffs' argument that the actual date on which the motion was due was unclear is completely unpersuasive. Only two dates— July 1, 1996, or August 12, 1996—could have been interpreted to be the final filing date, and plaintiffs failed to file by either date. Plaintiffs' contention that the delay was excusable because of attorney illness, attorney preoccupation with other cases, and because of defendants' alleged misbehavior in the discovery context is rejected on the grounds that plaintiffs failed to offer these excuses to the Court in a formal motion for an extension of time. Finally, plaintiffs' argument that defendants' motion should be denied because defendants failed to demonstrate that plaintiffs' delay in filing prejudiced them can also be easily rejected. First, Local Rule 203(a) does not require defendants to demonstrate

prejudice in order to prevail. *See Batson v. Powell,* 912 F.Supp. at 570–71. Second, even if such a requirement existed, defendants have adequately demonstrated that plaintiffs' lengthy delay prejudiced them.

■ Since plaintiffs' tardiness involved only the class action element of its amended complaint, striking the class action allegations and dismissing the class action claims with prejudice are appropriate and measured responses. Dismissing the entire amended complaint—which includes several individual claims—is too extreme a measure under the circumstances. Accordingly, it hereby is

ORDERED, that plaintiffs' motion for class certification is denied. It further hereby is

ORDERED, that defendants' motions that plaintiffs' class action allegations be stricken from plaintiffs' amended complaint and that all class action claims be dismissed with prejudice are granted. It further hereby is

ORDERED, that defendants' motions that plaintiffs' amended complaint be dismissed are denied. It further hereby is

ORDERED, that defendants' motions for attorneys' fees and costs are referred to United States Magistrate Judge Deborah A. Robinson for a report and recommendation.

SO ORDERED.