■ ORVILLE BECKFORD, Respondent, v CORNING GLASS WORKS, Appellant. —In an action, *inter alia,* to recover damages for the alleged wrongful termination of plaintiff's employment, defendant appeals from so much of the order of the Supreme Court, Nassau County, dated April 3, 1979, as denied its motion to dismiss the second and fifth causes of action and granted plaintiff's cross motion to dismiss defendant's fourth affirmative defense of the Statute of Limitations. Order modified, on the law, by (1) deleting therefrom the provisions (a) granting the cross motion to dismiss the fourth affirmative defense and (b) denying the motion to dismiss the second and fifth causes of action and (2) substituting therefor provisions (a) denying the cross motion to dismiss the fourth affirmative defense, (b) reinstating that defense and (c) granting defendant's motion to the extent of dismissing the second cause of action and so much of the fifth cause of action as is based on allegations that plaintiff was discharged from employment because of racial discrimination, without prejudice to defendant's right to renew its motion to dismiss those aspects of the fifth cause of action that are not based on racial discrimination. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The one-year period of limitation in which a party may file a complaint as to an unlawful discriminatory practice (Executive Law, § 297, subd 5) applies to actions at law as well as to the inception of administrative proceedings before the State Division of Human Rights (see *Lanzer v Fairchild Pub.,* 46 AD2d 644; *Avery v Dunn,* NYLJ, May 5, 1978, p 6, col 5). As stated in *Avery (supra,* p 6, col 6), "it is unlikely that it was * * * the intent of the legislature to make available * * * two periods of limitation" as to a newly created right (cf. *Grant v Guidotti,* 66 AD2d 545, affd 49 NY2d 622). Here, the action was instituted almost three years after the alleged wrongful discharge. Since the second cause of action is entirely based on alleged racial discrimination, it must be dismissed. The inartfully expressed fifth cause of action is apparently based only in part on racial discrimination, and to that extent it is also dismissed, without prejudice to defendant's right to renew the motion to dismiss as to the other aspects of that cause of action. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.

■ GERALD BERNARD, Respondent, v AFFILIATED HOME CARE HOMEMAKING SERVICE, LTD., et al., Appellants.—Appeal from so much of an order of the Supreme Court, Westchester County, entered February 26, 1979, as granted plaintiff's motion for a temporary injunction. Order modified by adding thereto a provision requiring plaintiff to post an undertaking. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and action remitted to Special Term to fix the amount of the undertaking. While Special Term properly granted a preliminary injunction, it should have required the posting of an undertaking. Rabin, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.