INDEPENDENT ASSOCIATION OF
PUBLISHERS' EMPLOYEES, et
al., Plaintiffs,

v.

DOW JONES & COMPANY, INC. and
Dow Jones Profit Sharing Retirement
Plan, Defendants.

No. 86 Civ. 3348 (MGC).

United States District Court,
S.D. New York.

Sept. 9, 1986.

See also 671 F.Supp. 1365.

Hall & Sloan by Burton H. Hall, New York City, for plaintiffs.

Gibson, Dunn & Crutcher by Jonathan L. Sulds, New York City, for defendants.

MEMORANDUM OPINION
AND ORDER

CEDARBAUM, District Judge.

Defendants' motion to dismiss Count One of the complaint is granted for the reasons stated below.

*Background*

This is a dispute over the valuation of the salaries of Dow Jones' Canadian employees for the purpose of calculating the dollar amount of the employer's contributions to the Dow Jones Profit–Sharing Retirement Plan ("the Plan"). The Independent Association of Publishers' Employees, Inc. ("IAPE"), the collective bargaining representative of the approximately 1,500 employees of Dow Jones, and the ten individual employees who work in Canada instituted this suit because prior to 1985, the benefit allocation formula made no distinction between American and Canadian dollars.

According to the terms of the collective bargaining agreement entered into in 1984 ("the Agreement") between IAPE and Dow Jones, employees covered by the Agreement, including the plaintiffs, are participants in the Plan. The Agreement provides that the employees' participation shall be "under the terms of the Trust Agreement governing the Fund." The Plan is administered by the Advisory Committee, whose members are appointed by Dow Jones' Board of Directors, in accordance with the governing Plan Document and the Trust Agreement. The Plan Document, which is incorporated into the Trust Agreement, sets forth the method of computing Dow Jones' contributions to the Plan and the method of allocating the contributions among plan participants.

IAPE claims that Dow Jones unilaterally reduced, in violation of the Agreement, certain bargained-for economic benefits of the individual employees. Specifically, IAPE claims that Dow Jones unilaterally determined that for purposes of paying contributions into the Plan, the amounts to be contributed in behalf of Canadian-based employees would be valued at the actual exchange value in U.S. dollars of their Cana-

dian earnings. Plaintiffs claim that this has the effect of reducing the employees' benefits by approximately 24%. Prior to this change, all contributions to the plan presumed a parity between U.S. and Canadian dollars, and the amount contributed to the Plan was calculated as if the Canadian salaries' dollar value was the same as the U.S. dollar value.

Dow Jones contends that the decision complained of was within the scope of its authority under the Plan and the Trust Agreement governing the Plan and, therefore, cannot be a breach of the collective bargaining agreement.

On this ground among others, defendants moved to dismiss the complaint. In their answering papers, plaintiffs amended the complaint by withdrawing their original second claim and substituting a new claim of breach of fiduciary duty. Thus, defendants' motion applies only to the first claim of the complaint. In support of their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), defendants submitted affidavits by W. Gilbert Faulk, Jr., a former Vice–President of Dow Jones, and by Leonard E. Doherty, the Treasurer of Dow Jones. They also submitted a number of exhibits, including the Plan Document and the Trust Agreement, which governs and incorporates the Plan. Because the parties have submitted, and I have considered in deciding this motion, material outside the pleadings, I have treated defendants' motion as a motion for summary judgment under Fed.R.Civ.P. 56. Both parties have had ample opportunity to submit all materials relevant to this motion.

*Discussion*

Both the plaintiffs and the defendants raise a number of issues, including the arbitrability of plaintiffs' claims and the applicable statute of limitations. But the primary issue before me is whether plaintiffs' claim of breach of the collective bargaining agreement can be sustained, given the specific provisions of the Plan Document and the Trust Agreement. Because I find no basis for a claim of breach of the collective bargaining agreement, I need not reach those other issues in deciding this motion.

Plaintiffs' breach of contract claim arises from defendants' alleged unilateral reduction in contributions to the Plan and in the amounts allocated to individual Canadian employees, as a result of the change in valuation of the Canadian employees' salaries. Plaintiffs argue that, under Article XIX of the Agreement, Dow Jones was obligated to continue to make contributions to the Plan on behalf of all covered employees at the same rate as it did at the time the Agreement was entered into. Article XIX provides in full:

The Publisher affirms that employees covered by this Agreement will participate in the benefits of the Dow Jones Profit Sharing Retirement Fund under the terms of the Trust Agreement governing the Fund.

The parties mutually agree that nothing in this article or this contract subjects the Dow Jones Profit Sharing Retirement Fund, its operation, application, amending, interpretation, administration or termination to the grievance or arbitration provisions of this contract.

Plaintiffs argue that because Dow Jones' practice at the time the Agreement was entered into was to make contributions to the Plan in behalf of Canadian and U.S. employees at the same rate, Dow Jones is obligated by Article XIX to continue the payments at the same rate for the life of the bargaining agreement.

I find nothing in Article XIX to support plaintiffs' reading of it, and plaintiffs have pointed to no authority to support their interpretation of this Article. Moreover, the Trust Agreement expressly referred to in Article XIX incorporates the Plan Document which reserves to Dow Jones the right to amend the Plan unilaterally.

It is undisputed that the Trust Agreement governs the operation of the Plan, controls the allocation of the Plan's funds, and incorporates the Plan and the Plan Document. Section 15.1(a) of the Plan Document provides in pertinent part:

[T]he Board of Directors reserves the right at any time to amend, suspend, or

terminate the Plan, any contributions thereunder ... in whole or in part and for any reason and without the consent of any Participating Company, Member, Beneficiary or Surviving Spouse; and the Committee may adopt any amendment which may be necessary or appropriate to facilitate the administration, management and interpretation of the Plan, or to conform the Plan thereto.

The only limitation on this authority is set forth in Section 15.1(b) of the Plan Document, which prohibits any amendment or modification that would "retroactively impair any right to any benefit under the Plan which any Member ... would otherwise have had at the date of such amendment by reason of the contributions theretofore made and credited to his Account...."

Prior to 1985, the Plan's benefit allocation formula was applied to Canadian dollar wages as if they were American dollars. This payroll practice presented no problem when the Plan was commenced in 1949, and for many years thereafter, because of the parity or near-parity between the Canadian and American dollars. However, in late 1984, with the decline of the Canadian dollar, the Committee that administers the Plan elected to apply the prevailing exchange rate to Canadian earnings.

Since I can find no basis for plaintiffs' claim that this change in the method of valuing Canadian employees' salaries breached the collective bargaining agreement, defendants' motion for summary judgment dismissing that claim is granted.

SO ORDERED.