INDEPENDENT ASSOCIATION OF PUBLISHERS' EMPLOYEES, INC., James Howley, Peggy Berkowitz, Stephen Stuckey, John Moritsugu, Muriel Fielder, Fred Czerniak, Jacquie McNish, Heather Whyte, Mark Schacter and Peter Barr, Plaintiffs,

v.

DOW JONES & COMPANY, INC. and Dow Jones Profit–Sharing Retirement Plan, Defendants.

No. 86 Civ. 3348 (MGC).

United States District Court, S.D. New York.

June 23, 1987.

Hall & Sloan by Burton H. Hall, New York City, for plaintiffs.

Gibson, Dunn & Crutcher by Robert D. Sack, Jonathan L. Sulds, David J. Reilly, New York City, for defendants.

## OPINION

CEDARBAUM, District Judge.

I have previously granted defendants' motion for dismissal, with leave to plaintiffs to amend their complaint. Plaintiffs have amended their complaint, and defendants now move to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1), 12(b)(6), and 12(c) of the Federal Rules of Civil Procedure. Since both sides presented matters outside the pleadings, and I have considered all papers submitted by the parties in deciding the motion, I have treated defendants' motion as a motion for summary judgment under Rule 56. Both parties have had ample opportunity to submit all materials relevant to the motion. For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

The underlying facts of the controversy are set out in my opinion dismissing the first count of the initial complaint, *Independent Association of Publishers' Employees, Inc. v. Dow Jones & Co.*, 671 F.Supp. 1363 (S.D.N.Y.1986). Some points relevant to the amended complaint must be added. Plaintiffs, the Independent Association of Publishers' Employees, Inc. ("IAPE") and ten individual employees who work in Canada, allege in their amended complaint that the defendant-employer, Dow Jones & Company, Inc. ("Dow Jones") is a fiduciary of its Profit-Sharing Retirement Plan, as defined in Section 3(21)(A) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(21)(A). Plaintiffs also claim that Dow Jones' decision in 1985 to change the benefit allocation formula was a violation of its fiduciary obligations under ERISA.

The new formula calls for conversion of the Canadian employees' earnings to their U.S. dollar equivalents prior to determining the profit-sharing contribution for each participant. Prior to this change, the value of the Canadian dollar was treated as equal to the value of the U.S. dollar. Application of the exchange rate results in a reduction in benefits for the Canadian employees. Plaintiffs allege that Dow Jones is a fiduci-

ary of the Plan and that as a fiduciary, it must discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries. Plaintiffs claim that the new formula was only implemented to save Dow Jones money, and that such a measure is, therefore, a violation of the fiduciary duties of the employer. In their motion to dismiss the complaint, defendants contend that Dow Jones is not a fiduciary of the Plan, and that even if it is a fiduciary for some purposes, this particular act is not a breach of its fiduciary obligations.

## DISCUSSION

The Dow Jones Profit Sharing Retirement Plan ("the Plan") is governed by ERISA. Plaintiffs contend that Dow Jones breached the fiduciary duties imposed on it by Section 404(a)(1), which provides in pertinent part that "a *fiduciary* shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... for the exclusive purpose of (i) providing benefits to participants and their beneficiaries." 29 U.S.C. § 1104(a)(1) (emphasis added). Plaintiffs also claim that defendants violated Section 406(a)(1)(B), which provides in pertinent part that "[a] *fiduciary* ... shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect ... lending of money or other extension of credit between the plan and a party in interest." 29 U.S.C. § 1106(a)(1)(B) (emphasis added).

■ These sections apply only to a "fiduciary." Whether Dow Jones is a fiduciary of the Plan is determined by reference to Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). This section provides, in pertinent part:

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice ... or (iii) he has any discretionary

authority or discretionary responsibility in the administration of such plan....

An employer does not fall under this section by merely creating and financing a plan, i.e., by being the "plan sponsor." Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A), defines an "administrator" as one specifically so designated by the terms of the instrument creating the Plan. The plan sponsor—in this case Dow Jones—can only be an administrator if one is not so designated. 29 U.S.C. § 1002(16)(A)(ii). The Dow Jones Plan specifically designates the Advisory Committee as the Plan's "administrator."

■ ERISA recognizes that an employer may be a fiduciary with respect to some elements of a plan, but not with respect to others. However, the Act imposes a fiduciary duty only to the extent that the employer maintains discretionary authority or control over the management of the Plan or disposition of its assets. Under the terms of the Plan, the authority to interpret and administer the Plan is delegated to the Advisory Committee. The only power that Dow Jones retains with respect to managing or administering the Plan is the authority to appoint, retain and remove members of the Advisory Committee. (§ 13.4 of the Plan). Therefore, Dow Jones' fiduciary obligations can extend only to those acts.

■ Plaintiffs allege that Dow Jones breached its fiduciary duty when it failed to credit the Canadian employees as if their earnings were American dollars rather than Canadian dollars with which they were actually paid. (Complaint, ¶ 38). Nowhere in the amended complaint is there a claim that Dow Jones' breach of its fiduciary obligations was with respect to its power to appoint and remove Advisory Committee members. As discussed above, ERISA defines "fiduciary" only in reference to the administration and management of a plan, or the disposition of plan assets. There is no express fiduciary obligation under ERISA with respect to the method of computing the employer's contribution. Even if I were to accept plaintiff's argument that because Dow Jones has discretionary au-

thority with respect to making contributions to the plan, Dow Jones has a fiduciary obligation with respect to making contributions to the plan, merely changing the method of calculating a contribution cannot be considered a breach of that obligation.

First, the actions of Dow Jones are clearly within the scope of the Profit–Sharing Retirement Plan. Section 15.1(a) of the Plan reserves to Dow Jones the right to "amend, suspend or terminate the Plan, and any contributions thereunder." In the opinion granting summary judgment for defendants on the initial complaint, I found that such a devaluation does not constitute a breach of the collective bargaining agreement because the Plan expressly contemplates an amendment to the contributions. Section 15.1(b) states the only restriction on the reduction of benefits: "no amendments or modification shall be made which would retroactively impair any right to any benefit under the Plan ..." The formula adopted by defendants for the calculation of benefits is applied prospectively only and is clearly within the scope of the Plan.

■ Second, although ERISA strictly regulates an employer's right to modify accrued benefits, section 3(23)(A) of ERISA, 29 U.S.C. § 1002(23)(A), defines "accrued benefit" as "(A) in the case of a defined benefit plan, the individual's accrued benefit determined under the plan and ... expressed in the form of an annual benefit commencing at normal retirement age." Nothing in this definition suggests that a participant is entitled to a benefit prior to the plan sponsor's contribution. A benefit merely contemplated or expected cannot be classified as accrued; only funded benefits can be classified as accrued benefits.

ERISA allows a decrease in accrued benefits only if: a) the plan administrator files notice with the Secretary, b) the Secretary approves such amendment, and c) this approval must be made on a finding that the amendment is necessary because of substantial business hardship. 29 U.S.C. §§ 1054(g), 1082(c)(8). However, since ERISA does not address the question of changes in non-accrued benefits, courts have construed ERISA as not restricting an employer's power to modify non-accrued benefits. In a recent decision in the Southern District of Ohio, the court stated: "ERISA is structured to provide protection against termination of those benefits classified as accrued. To construe § 1104 [of ERISA] to protect vested, non-accrued benefits from termination by fiduciaries would be to contravene the Congressionally mandated scope of ERISA benefit programs." *United Electrical Radio & Machine Workers of America v. Amcast Industrial Corp.*, 634 F.Supp. 1135, 1142 (S.D.Ohio 1986).

■ In *Sutton v. Weirton Steel Div. of Nat'l Steel Corp.*, 724 F.2d 406 (4th Cir. 1983), *cert. denied*, 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984), the court stated that "accrued benefits secured by ERISA do not encompass unfunded, contingent early retirement benefits or severance payments ... Congress has not prohibited an employer who is also a fiduciary from ... renegotiating or amending unfunded contingent benefits payable before normal retirement age." *Id.* at 411. In *Amato v. Western Union Int'l, Inc.*, 773 F.2d 1402 (2d Cir.1985), the court held that unreduced early retirement benefits are accrued benefits within the meaning of ERISA, and that the employer is precluded from decreasing them. The Second Circuit distinguished the holding in *Sutton* on the ground that in *Sutton*, the early retirement benefits were unfunded and contingent, while in *Amato* the early retirement benefits were funded. *Id.* at 1413. In the present dispute, the benefits affected by Dow Jones' acts were unfunded, and therefore were not accrued, and the employer is free to amend its contributions prospectively. Nothing in ERISA precludes an employer from eliminating or reducing non-accrued benefits. Plaintiffs have cited no cases to the contrary, nor have they satisfactorily distinguished *Sutton*.

CONCLUSION

Dow Jones' fiduciary obligations as defined by ERISA do not extend to the actions taken here. Even if I were to assume

that Dow Jones had a fiduciary duty not to act in a manner contrary to the exclusive benefit of the employees, Dow Jones has not breached that fiduciary duty, since both the Plan provisions and ERISA allow prospective changes in contributions by the employer. Therefore, defendants' motion for summary judgment is granted.

SO ORDERED.