George D. WALKER, Plaintiff,

v.

COLUMBIA UNIVERSITY IN the CITY OF NEW YORK, Transport Workers Union of America, AFL–CIO, and Transport Workers Union of America, AFL–CIO, Local No. 241, Defendants.

No. 88 Civ. 5685 (JES).

United States District Court, S.D. New York.

Feb. 5, 1991.

Robert L. Ferris, New York City (Robert L. Ferris, Stuart Hecker, of counsel), for plaintiff.

O'Donnell & Schwartz, New York City (Manlio Di Preta, Malcom A. Goldstein, of counsel), for Union defendants.

Wood, Williams, Rafalsky & Harris, New York City (Paul T. Williams, Jr., of counsel), for defendant Trustees of Columbia University in the City of New York.

## OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff George D. Walker brings this action against his former employer and labor union alleging the following causes of action: 1) breach of contract; 2) breach of fiduciary duty; 3) wrongful discharge; 4) unlawful age discrimination in violation of New York Human Rights Law, Executive Law §§ 290 *et seq.* (McKinney 1982 & Supp.1990); 5) violation of 42 U.S.C. § 1983 (1988); and 6) a declaration that the usual grievance procedure established in the relevant collective bargaining agreements is moot and unnecessary in the instant circumstances. Defendant Trustees of Columbia University in the City of New York, sued as Columbia University in the City of New York, ("Columbia"), moves for summary judgment pursuant to Fed.R.Civ.P. 56. Defendants Transport Workers Union of America, AFL–CIO and Local 241, Transport Workers Union of America, AFL–CIO ("Union defendants") move pursuant to Fed.R.Civ.P. 12 for dismissal or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56 dismissing the complaint. The defendants have submitted evidentiary materials in support of their motions, and plaintiff has submitted evidentiary materials in opposition thereto. Therefore, the Court has considered all of

the defendants' motions as summary judgment motions. For the reasons that follow, the motions are granted and the complaint is dismissed.

## BACKGROUND

Plaintiff commenced employment at Columbia University as a resident hall security guard in 1966 and remained in that capacity until he retired on December 29, 1978. *See* Union Defendants' Rule 3(g) Statement of Material Facts as to Which There is No Genuine Issue at ¶ 2 ("Union Defendants' 3(g) Statement"); Complaint at ¶ 4; Examination Before Trial of George D. Walker at 11 ("Plt. EBT") (annexed to Affidavit of Manlio Di Preta ("Di Preta Aff.") at Ex. B and Affidavit of Patricia A. Sachs ("Sachs Aff.") at Ex. F). During his employment plaintiff was a member of Local 241 and was covered under various collective bargaining agreements entered into between the Union defendants and Columbia. *See* Complaint at ¶ 4; Union Defendants' 3(g) Statement at ¶ 3.

When plaintiff retired, the relevant collective bargaining agreement dated July 1, 1976 between Columbia and the Union (the "old agreement") had already expired as of September 30, 1978, although the parties continued to abide by the terms of that agreement pending negotiation of a new agreement. The old agreement contained a provision that required certain types of employees, including security officers such as plaintiff, to retire at or before the end of the month in which they reach 65 years of age. *See* Union Defendants' 3(g) Statement at ¶ 4; Old Agreement, Art. II, § 2(a) (annexed to Sachs Aff. at Ex. C). Plaintiff turned 65 on December 1, 1978 and in accordance with the old agreement retired on December 29, 1978. *See* Union Defendants' 3(g) Statement at ¶ 2; Columbia's Rule 3(g) Statement of Material Facts as to Which There is No Genuine Issue at ¶¶ 3–8

("Columbia's 3(g) Statement"); Plaintiff's Amended Response to Request for Admissions at ¶ 14 (annexed to Di Preta Aff. at Ex. A).

However, both prior to and after the date plaintiff retired Columbia and the Union were actively negotiating the terms of a new agreement. In fact, during the last few months of plaintiff's employment, October through December 1978, the Union held monthly meetings for employee union members to provide updates on those contract negotiations. *See* Examination Before Trial of Samuel Delgado at 45–47, 69 ("Delgado EBT"). The Union also posted notices giving the time, place, location and agenda of these meetings on Union bulletin boards near employees' work locations, *see id.* at 69–71, and distributed copies of Columbia's contract proposals at these meetings. *See id.* at 74–77. Plaintiff testified that throughout his employment he attended only certain meetings concerning social functions and elections of officers and that he was not aware of any union meetings during this time period that required his presence. *See* Plt. EBT at 19–26.

Thereafter, Columbia and the Union signed a new Collective Bargaining Agreement on July 5, 1979 (the "new agreement") which extended the mandatory retirement age to seventy years. All the provisions thereof were made retroactive to October 1, 1978, except for the provision extending the retirement age. *See* Columbia's 3(g) Statement at ¶ 9; Union Defendant's 3(g) Statement at ¶ 8. This provision was made retroactive only to January 1, 1979 [1] in order to conform to the effective date of a 1978 Amendment to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (1988), which extended the legal mandatory retirement age effective at that time to seventy years of age. *See* Columbia's 3(g) State-

---

**1.** Although plaintiff asserts that the mandatory retirement provision of the new agreement was also retroactive to October 1, 1978, the new agreement clearly states that the changes to those provisions were "[e]ffective January 1, 1979." New Agreement, Art. XI, § 2(a) (annexed to Sachs Aff. at Ex. E). Thus, there is a

serious question as to whether the extension of the mandatory retirement age even applied to plaintiff, who was slated for retirement on the last day of December 1978. However, since the action is clearly time-barred, the Court need not resolve that issue.

ment ¶¶ 9–12; Union Defendants' 3(g) Statement at ¶¶ 8–10.

After plaintiff retired he had very little contact with his former coworkers and no contact whatsoever with Columbia or the Union. *See* Plt. EBT at 49–52. Thus, it was not until December 1987 or January 1988, as a result of a discussion with a former coworker, that plaintiff learned that the mandatory retirement age had been extended to seventy years of age. *See id.* at 47–49, 52 (errata sheets to deposition transcript). Thereafter, plaintiff made two visits to Columbia's campus in early 1988 to speak with the security guards about this change and asked them for a copy of the new agreement. He later returned a third time to pick up a copy of the agreement. *See id.* at 105–110. However, plaintiff made no attempt to contact Columbia or the Union at any time after his retirement. *See* Plt. EBT at 51–52.

Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York, with respect to the Union defendants on June 20, 1988, and with respect to Columbia on July 27, 1988. The Union defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a) (1988).

## DISCUSSION

Because the events giving rise to this action all occurred in 1978 and 1979, the principal issue facing this Court is whether plaintiff's claims are barred by the applicable statute of limitations. The Court concludes that they are.

In *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that a six-month statute of limitations applies to a claim brought against a union and an employer arising out of a union's alleged breach of the duty of fair representation.[2] *See id.* at 171–72, 103 S.Ct. at 2294–95. This case is clearly subject to that six-month limitation period.[3] Although plaintiff brings six different claims against Columbia and the Union, all of these claims are predicated upon the assertion that it was a breach of the collective bargaining agreement for plaintiff to be mandatorily retired at age sixty-five and that the union breached its duty of fair representation by failing to inform him of the changed retirement provisions in the new agreement. *See* Complaint at ¶¶ 16, 18–19, 24–25, 28–29, 35; *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–13, 105 S.Ct. 1904, 1910–12, 85 L.Ed.2d 206 (1985) (state law claims preempted by federal labor law where evaluation of the state claim requires consideration of the terms of a collective bargaining agreement).

"The general rule in this circuit is that a cause of action accrues when 'the plaintiff could first have successfully maintained a suit based upon that cause of action.'" *King v. N.Y. Tel. Co.*, 785 F.2d 31, 33 (2d Cir.1986) (quoting *Santos v. District Council*, 619 F.2d 963, 968–69 (2d Cir.1980)); *accord Ghartey v. St. John's Queens Hospital*, 869 F.2d 160, 162–63 (2d Cir.1989). Under that rule, a hybrid § 301/fair representation claim accrues "'no later than the time when plaintiff[ ]

---

**2.** A union's duty of fair representation is a judicially implied duty, which requires that the union "represent fairly the interests of all bargaining unit members during the negotiation, administration and enforcement of collective bargaining agreements." *Int'l Bhd. of Electrical Workers v. Foust*, 442 U.S. 42, 46–47, 99 S.Ct. 2121, 2125, 60 L.Ed.2d 698 (1979); *see Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). When the union breaches that duty, as is alleged here, a union member may bring a suit against both the union and the employer, notwithstanding the outcome or finality of a grievance or arbitration procedure. *DelCostello, supra*, 462 U.S. at 164, 103 S.Ct. at 2290. Such a suit is a "hybrid § 301/fair repre-

sentation suit" because it involves two interdependent claims: one against the union for breach of its duty of fair representation and one against the employer under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (1988), for breach of the collective bargaining agreement. *See id.* at 164–65, 103 S.Ct. at 2290–91.

**3.** It is clear that in this circuit the statute of limitations in *DelCostello* must be applied retroactively. *See Welyczko v. U.S. Air, Inc.*, 733 F.2d 239, 240–41 (2d Cir.), *cert. denied*, 469 U.S. 1036, 105 S.Ct. 512, 83 L.Ed.2d 402 (1984).

knew or reasonably should have known that such a breach had occurred.'" *King, supra,* 785 F.2d at 34 (quoting *Santos, supra,* 619 F.2d at 969). Plaintiff argues, however, that his cause of action did not accrue until he found out about the new mandatory retirement provisions through a chance encounter with a former colleague because the alleged breach consisted of a failure to inform him about the extensions in the mandatory retirement age.

The Court does not find that argument persuasive especially where, as here, no effort was made by the Union to conceal either the fact or the substance of the negotiations relating to the new collective bargaining agreement which led to the extension of the mandatory retirement age. Indeed, the Union held monthly meetings to update its members on the negotiations, which were well publicized, and which plaintiff chose not to attend. *See* Delgado EBT at 69–75; Plt. EBT at 19–26, 34. Plaintiff therefore had the same opportunity to obtain information about the contract proposals for the new agreement that was available to all other employees. *See* Delgado EBT at 85. Under these circumstances it is clear that plaintiff should reasonably have become aware of the facts surrounding the alleged breach in 1978 or at the very least in July of 1979, when the new agreement was executed, because at that time he reasonably should have known that the mandatory retirement age had changed. The action is therefore time-barred.[4]

 The fact that the union did not notify plaintiff personally of this change is of no consequence. A union breaches its duty of fair representation only when it acts in bad faith or its conduct is arbitrary or discriminatory. *See Vaca, supra,* 386 U.S. at 190, 87 S.Ct. at 916; *see also NLRB v. Local 282, Int'l Bhd. of Teamsters,* 740 F.2d 141, 146 (2d Cir.1984) (union's failure to notify members of their obligations to protect their positions constitutes a breach of the duty of fair representation where conduct is "so egregious, so far short of minimum standards of fairness to the employees, and so unrelated to legitimate union interests as to be arbitrary"). Having taken the steps previously mentioned to keep its members informed about the ongoing contract negotiations, its failure to notify each member personally clearly does not meet that standard.

 Nor is there any basis for tolling the statute of limitations here. Plaintiff has failed to show "that he exercised due diligence and that some affirmative act of fraudulent concealment frustrated discovery [of his cause of action] notwithstanding such diligence." *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 461 (2d Cir.1974); *see Cerbone v. Int'l Ladies Garment Workers' Union,* 768 F.2d 45, 48–49 (2d Cir.1985). Indeed, fraudulent concealment by any of the defendants is not even alleged. Moreover, plaintiff failed to attend the publicized meetings at which the ongoing contractual negotiations were discussed, conduct hardly consistent with due diligence in ascertaining the facts upon which he predicates his claims.

## CONCLUSION

For the reasons set forth above, plaintiff's claims against Columbia and the Union Defendants are barred by the statute of limitations. Accordingly, the Clerk of

---

4. Even if plaintiff's state law claims were not preempted by *DelCostello,* those claims would also be barred by the statute of limitations. *See* N.Y.Civ.Prac.Law & Rules 213(2) (McKinney 1990) (statute of limitations for breach of contract is six years). Moreover, even assuming that the alleged breach of fiduciary duty claim in this case is subject to the typical statute of limitations for equitable relief, six years, that claim is also barred. *See* N.Y.Civ.Prac.L. & R. 213(1) (McKinney 1990).

Similarly, plaintiff's age discrimination claims under New York's Human Rights laws are barred by the applicable one year statute of limitations. *See Beckford v. Corning Glass Works,* 75 A.D.2d 835, 835, 427 N.Y.S.2d 873, 874 (2d Dep't 1980); N.Y. Executive Law § 297(5) (McKinney 1982).

Plaintiff's claim under 42 U.S.C. § 1983 is barely colorable because it is questionable whether any of the defendants are state actors within the meaning of that statute. In any event, that claim is also barred by the applicable statute of limitations, which is three years. *See Owens v. Okure,* 488 U.S. 235, 251, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989).

the Court is directed to enter judgment for the defendants dismissing the complaint and close the above-captioned action.

IT IS SO ORDERED.