931 F.Supp. 204 (1996)
The TRUSTEES OF the HEALTH AND WELFARE AND THE PENSION FUNDS Of THE FOUR JOINT BOARDS and Esther Maiese, Plaintiffs,
v.
SCHLESINGER BROTHERS, INC. and The International Leather Goods, Plastics, Novelty and Service Workers Union, Defendants.
No. 95 Civ. 0119 (HB).
United States District Court, S.D. New York.
June 20, 1996.
*205 *206 David R. Wise, Steve Ehlers, Gellert & Cutler, Poughkeepsie, New York, for plaintiffs.
Dennis J. Alessi, Fox and Fox, Newark, New Jersey, for defendant Schlesinger Brothers, Inc.
Sara A. Corello, Spivak, Lipton, Watanabe, Spivak & Moss, New York City, for defendant Int'l. Leather Goods.
BAER, District Judge.
Plaintiffs, Trustees of the Health and Welfare and Pension Funds of the Four Joint Boards and Esther Maiese, filed this action pursuant to ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1) and LMRA § 301. Defendant employer Schlesinger Brothers, Inc. ("Schlesinger") and defendant union International Leather Goods, Plastics, Novelty and Service Workers Union (the "International") filed motions to dismiss. Schlesinger moves to dismiss the complaint in its entirety while the International moves only to dismiss the first cause of action in the complaint. Defendants' motions are granted; plaintiffs' complaint is dismissed in its entirety with regard to Schlesinger and the first cause of action in plaintiffs' complaint is dismissed with regard to the International. The remaining cause of action, i.e. the LMRA claim against the International, remains.

Background
Defendant Schlesinger Brothers, Inc. is a leather manufacturing company operating out of a single facility located in Berlin, New Jersey. According to affidavits provided by the defendant, Schlesinger Brothers, Inc. maintains only one place of business and does not have any employees working within New York. Defendant, International is the union that represents Schlesinger employees in the New Jersey facility. The union is headquartered in St. Louis, Missouri.
Schlesinger Brothers and the International have negotiated several collective bargaining agreements. On January 23, 1992, the parties signed a Memorandum of Agreement which required Schlesinger to make monthly contributions to the Four Joint Boards Council ("FJBC") Health and Welfare and Pension Funds. The January 1992 Memorandum stated that Schlesinger's payments to the FJBC Funds were to continue until January 31, 1995. However, in October of 1994, three months prior to the termination of the collective bargaining agreement, the defendants negotiated a new Memorandum of Agreement, altering the January 1992 agreement.
The October 1994 negotiations took place via phone and fax with Schlesinger located in New Jersey and the International in Missouri. Both parties intended that the negotiations be for the purpose of renegotiating the health, welfare and pension fund provisions of the January 1992 agreement. On October 31, 1994, Schlesinger and the International amended the January 1992 agreement in a Memorandum of Agreement (the "October Memo").
Pursuant to the October Memo, the defendants agreed that Schlesinger would cease making contributions to the FJBC Health, Welfare and Pension Funds in favor of Schlesinger's participation in the International Health, Welfare and Pension Funds. This change took effect immediately. Schlesinger made contributions to the FJBC Health, Welfare and Pension Funds for the months of September and October, then, pursuant to the October Memo, Schlesinger began contributing to the International Health, Welfare and Pension Funds in November of 1994.
Plaintiffs are the Trustees of the FJBC Health, Welfare and Pension Fund and Esther Maiese, is an individual Trustee and Schlesinger employee. Plaintiffs filed this action alleging that Schlesinger deprived the FJBC Funds of contributions to which they are entitled. Further, plaintiffs allege that the defendants violated their fiduciary obligations *207 under ERISA by diverting monies from the FJBC Funds to the International Funds.

Discussion
The first cause of action in plaintiffs' amended complaint charges that defendants violated the "sole benefit rule" of ERISA, section 404(a)(1). The second cause of action makes a similar charge pursuant to LMRA § 301. Defendant Schlesinger moves to dismiss the complaint in its entirety. Defendant International moves only to dismiss the first claim, i.e. the ERISA claim. In assessing defendants' motions to dismiss, the Court must accept the well-pleaded contentions of the plaintiff as true. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Additionally, the Court must draw all reasonable inferences arising from the facts in plaintiffs' favor. IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1052 (2d Cir.1993), cert. denied, ___ U.S. ___, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994).

a. Defendant Schlesinger's Motion.
Defendant Schlesinger moves to dismiss plaintiffs' complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(1), (2), (3) and (6). Defendant argues that plaintiffs lack standing to assert their claims under either ERISA or the LMRA and that this Court lacks in personam jurisdiction over defendant. For the reasons which follow, defendant's motion to dismiss the complaint is granted.

1. The ERISA claim.
Plaintiffs assert jurisdiction over defendant pursuant to ERISA § 502(3), 29 U.S.C. § 1132(a)(3), which states:
A civil action may be brought 
(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan.
29 U.S.C. § 1132(a)(3).
Plaintiffs contend that defendant violated the "sole benefit rule" of ERISA, § 404(a)(1)(A), when, pursuant to the October Agreement, it ceased making payments to plaintiff's benefits plan and began to contribute to the International's plan. ERISA's "sole benefit" rule reads as follows:
[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and 
(A) for the exclusive purpose of;
(i) providing benefits to participants and their beneficiaries.
29 U.S.C. § 1104(a). To violate this rule, a defendant must be a fiduciary of a benefit plan. Here, defendant did not act in a fiduciary capacity.
Under ERISA § 3(21)(A), a "`person is a fiduciary with respect to a plan,' and therefore subject to ERISA fiduciary duties, `to the extent' that he or she `exercises any discretionary authority or discretionary control respecting management' of the plan, or `has any discretionary authority or discretionary responsibility in the administration' of the plan." Varity Corp. v. Howe, ___ U.S. ___, ___, 116 S.Ct. 1065, 1071, 134 L.Ed.2d 130 (1996) (quoting ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A)). Fiduciary status is a question for the Court; "[f]iduciary status is not an `all or nothing' concept; a court must ascertain whether one acts as `a fiduciary with respect to the particular activity in question.'" Walling v. Brady, 917 F.Supp. 313, 319 (D.Del.1996).
Similarly, an employer is not a fiduciary of a benefits plan merely because it creates, sponsors or contributes to a plan. Lea v. Republic Airlines, Inc., 903 F.2d 624, 631 (9th Cir.1990); Independent Assoc. of Publishers' Employees, Inc. v. Dow Jones & Co., 671 F.Supp. 1365, 1367 (S.D.N.Y.1987). An employer does not subject itself to liability under ERISA when it conducts business transactions which are not regulated by ERISA. Amato v. Western Union Int'l Inc., 773 F.2d 1402, 1416-17 (2d Cir.1985). Under ERISA, employers "wear `two hats,' and ... they assume fiduciary status `only when and to the extent' that they function in their capacity as plan administrators...." Id.; see also Walling, 917 F.Supp. at 319 (fiduciary duties under ERISA do not attach when *208 employer amends an employee benefit plan). Likewise, "the mere fact that a company has named itself as pension plan administrator or trustee does not restrict it from pursuing reasonable business behavior in negotiations concerning pension benefits not otherwise affected by the requirements of ERISA." Sutton v. Weirton Steel Div. of Nat'l. Steel Corp., 567 F.Supp. 1184, 1201 (W.D.W.Va. 1983), aff'd, 724 F.2d 406 (4th Cir.1983), cert. denied, 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984).
Plaintiff alleges that defendant acted as a "functional fiduciary" here and that when defendant contributed to the International's funds, defendant diverted monies owed to plaintiff and violated the sole benefits rule. Under the case law, however, it is clear that defendant did not act as a fiduciary when it entered into the October Memo. Defendant negotiated the October Memo with the International, the union which represents the interests of defendant's employees.
Defendant was not a plan administrator but a plan designer and, as such, does not fall within the parameters of ERISA liability as a fiduciary. See Siskind v. Sperry Retirement Program, Unisys, 47 F.3d 498, 505 (2d Cir. 1995) (employer acts as a fiduciary in defined functions, i.e. exercising discretionary authority or control over plan management or administration). Further, federal courts have recognized that parties to a collective bargaining agreement may freely determine the extent of an employer's obligation to contribute to a fund. Malden Mills Indus., Inc. v. ILGWU Nat'l. Retirement Fund, et al., 766 F.Supp. 1202, 1209 (D.Mass.1991). Accordingly, it follows that plaintiff cannot maintain an action against defendant pursuant to the "sole benefit" rule of ERISA.

2. The LMRA claim.
Plaintiffs further allege that defendant violated section 301 of the LMRA, 29 U.S.C. § 185, when it negotiated the October Agreement and thus jurisdiction may be obtained pursuant to Section 301. In relevant part, section 301 states:
(a) Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without regard to the citizenship of the parties.
29 U.S.C. § 185. To maintain an action under this provision, plaintiffs must allege that defendant breached a provision in the collective bargaining agreement. United Steelworkers of America, AFL-CIO-CLC v. Rawson, 495 U.S. 362, 373-75, 110 S.Ct. 1904, 1911-13, 109 L.Ed.2d 362 (1990). Here, plaintiffs did not allege that defendant breached the collective bargaining agreement. Moreover, when defendant signed the October Agreement, defendant modified the provisions of the existing collective bargaining agreement.
Further, plaintiffs are not party to the collective bargaining agreement, rather, at best, they are third-party beneficiaries of its terms. Under § 301 of the LMRA, non-parties and non-signatories to a collective bargaining agreement cannot enforce the terms of the agreement. District 2 Marine Eng. Beneficial Assoc.-Assoc. Maritime Officers, AFL-CIO v. Grand Bassa Tankers, Inc., 663 F.2d 392, 397-398 (2d Cir.1981). Accordingly, plaintiffs lack standing under LMRA § 301 to bring a cause of action against defendants. In addition, although plaintiffs assert a breach of fair dealing claim against defendant, plaintiffs claim fails to give rise to employer liability because it is not a hybrid claim. Walker v. Columbia University, 756 F.Supp. 149, 152, n. 2 (S.D.N.Y.1991) (a union member may bring a breach of fair dealing claim against an employer and a union in a hybrid claim). Here, plaintiffs did not plead a hybrid 301 claim against both employer and union. For these reasons, defendant's motion to dismiss the second claim of the complaint is granted.

3. In personam jurisdiction.
The Court need not reach defendant's claim with respect to in personam jurisdiction, Bicicletas Windsor, S.A. v. Bicycle Corporation of America, 783 F.Supp. 781, 783 (S.D.N.Y.1992), since it has dismissed each of the claims asserted against the defendant.

b. Defendant the International's Motion.
Defendant the International moves only to dismiss the first cause of action in the *209 amended complaint. Defendant contends that as a matter of law, plaintiffs cannot maintain a cause of action against the International. Plaintiffs allege that the International violated the "sole benefit rule" of ERISA, § 404(a)(1)(A), 29 U.S.C. § 1104(a). Under ERISA, a fiduciary is one who exercises discretionary control over a plan, renders investment advice for the plan or is responsible for the administration of the plan. 29 U.S.C. § 1002(21)(A).
As with plaintiffs claim against defendant Schlesinger, plaintiffs allege that pursuant to the October Agreement, the International violated its fiduciary duty when funds were diverted from plaintiffs' benefit plan to the International's plan. Assuming these allegations to be true, plaintiffs' claim against defendant the International fails. Defendant did not act in a fiduciary role when the October Agreement was negotiated and the federal courts have determined that without such a role the obligation that arises for fiduciaries under ERISA does not apply. Amato v. Western Union Int'l, 773 F.2d 1402, 1416-17 (2d Cir.1985), cert. dismissed, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d 288 (1986).
Similarly, the federal courts have determined that when a union is engaged in collective bargaining negotiations, the union is not bound by fiduciary duties. Ladish v. International Ass'n of Machinists & Aerospace Workers, Dist. No. 10, 966 F.2d 250, 253-54 (7th Cir.1992) (citing Sutton v. Weirton Steel Div. of Nat'l Steel Corp., 567 F.Supp. 1184, 1193 (W.D.W.Va.1983)), aff'd, 724 F.2d 406 (4th Cir.1983), cert. denied, 467 U.S. 1205, 104 S.Ct. 2387, 81 L.Ed.2d 345 (1984). Specifically, in Sutton, the Court stated that:
When the terms of the pension agreement are negotiated by a labor organization and the employer and ultimately controlled by a collectively bargained agreement, as here, the distinction between administering the pension program (under a fiduciary duty) and creating or amending the program through negotiations is even more clear.
Sutton, 567 F.Supp. at 1193.
Accordingly, it appears that defendant the International is not subject to liability as a fiduciary under ERISA. For that reason, plaintiffs ERISA claim against defendant the International is dismissed.

Conclusion
For the reasons discussed, defendant Schlesinger's motion to dismiss the complaint is GRANTED and defendant the International's motion to dismiss the first cause of action in the complaint is GRANTED. Only the second cause of action against the International remains viable. The Court understands that the parties have not conducted discovery pending this decision. In that regard, the Court requests that the parties propose a suitable schedule in accordance with Chamber's pre-trial scheduling order, see Rules of Hon. Harold Baer, Jr., and submit same to the Court for its review. If necessary, a pre-trial scheduling conference will occur on June 20, 1996 at 4:00 o'clock in the afternoon.
SO ORDERED