Simone G. **LOCKLEAR**, Plaintiff,

v.

**DUBLINER, INC., d/b/a The Dubliner Restaurant and Pub, and Daniel J. Coleman, Defendants.**

**Civ. A. No. 89–0052.**

United States District Court, District of Columbia.

March 29, 1989.

———

Patricia D. Douglass, Washington, D.C., for plaintiff.

Stephen J. O'Brien, Washington, D.C., for defendants.

MEMORANDUM

GESELL, District Judge.

This case alleges intentional infliction of emotional distress, defamation, and malicious breach of contract. The Court has before it defendants' Motion to Dismiss, which has been fully briefed. The Court's jurisdiction is invoked under 28 U.S.C. § 1332(a)(1).

The complaint supplements redress plaintiff seeks for sex discrimination from the District of Columbia's Office of Human Rights ("OHR") under the District of Columbia Human Rights Act, 1 D.C.Code § 1–2501 *et seq.* ("HRA"). OHR has already found probable cause to support her allegations that she suffered sexual harassment and retaliation during her employment at Dubliner, Inc. That case is presently going forward.

Defendants claim that Section 1–2556(a) of the HRA affords a potential complainant like plaintiff an election of remedies and that her common law claims before this Court are barred. That Act states:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder: Provided, that where the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed. No person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under this chapter may file the same complaint with the Office.

Defendants claim that because plaintiff has elected to pursue her claims with the Office of Human Rights, she is foreclosed from bringing her tort and contract claims to federal court.

■ It is clear that common law claims are not pre-empted by HRA. *Newman v. District of Columbia,* 518 A.2d 698 (D.C.

1986). When plaintiffs have dropped their cases before the OHR prior to formal proceedings or have elected to go to court in the first instance, courts have considered such claims as breach of contract and intentional infliction of emotional harm in tandem with discrimination claims under the Human Rights Act when right to sue is afforded. *Schoen v. Consumers United Group, Inc.*, 670 F.Supp. 367 (D.D.C.1986); *Green v. American Broadcasting Companies, Inc.*, 647 F.Supp. 1359 (D.D.C.1966). However, in this instance, plaintiff is preserving her discrimination claims administratively under the HRA.

■ One question, then, is whether the plaintiff can raise the *same claims* here that are comprehended within her prior administrative filing. She has not submitted the entire file from the administrative proceeding in this Court, but her complaint does disclose the determination by the OHR, finding probable cause to support her claims of sexual harassment and retaliation, and she is proceeding accordingly. While she could not pursue tort claims per se in the OHR proceeding, she apparently did allege many of the same facts, and any trial on the issues she raises in her complaint would necessarily involve many of the same facts she is pursuing in the administrative forum. Indeed, in "The Facts" section of her complaint, she sets forth the scenario detailed in her administrative filing: numerous incidents of sexual harassment, including offensive verbal suggestions of a sexual nature and acts of unwanted offensive touching; her attempts to rebuff the managers who were harassing her; her filing of the OHR complaint and the following retaliation she suffered, including surveillance, false accusations of theft or embezzlement, and, finally, firing.[1] Her bare contention that she does not seek to bring the HRA claims to this Court does not suffice to satisfy this Court that the complaint here is not a duplicative proceeding.

The law is not clearly settled regarding the interaction of the HRA and tort claims during the pendency of a HRA administrative proceeding. *Newman v. District of Columbia, supra*, 518 A.2d 698, plaintiff's chief authority, does not mandate that this Court exercise its jurisdiction over this case at the present time. To be sure, the District of Columbia Court of Appeals noted in dicta that the HRA does not abrogate the common law rights of injured individuals and that the HRA was designed to expand the remedies, not merely to focus all claims into a new, administrative channel. However, *Newman* concerned a public employee whose rights under the Merit Personnel Act did not encompass a right to sue for damages due to humiliation, embarrassment, public ridicule and personal indignity, unlike the plaintiff in the above-captioned case, and the plaintiff in *Newman* was *required* to exhaust his administrative remedies under the Merit Personnel Act for claims falling within that Act. Here, plaintiff could have claimed for not only her common law rights, but also her rights under the HRA. She also could have come to the District Court after the OHR failed to act on time or after having dropped her OHR claim.

Under these circumstances, it is appropriate for this Court to abstain from hearing plaintiff's case at this time for several reasons.

(1) Her case is proceeding in another forum, under a law that provides a comprehensive scheme for redress, and at this time, it is uncertain how much of her claim here will be resolved and compensated in the other tribunal. The Court would be unable to instruct a jury on what compen-

---

1. The underlying facts for the intentional infliction of emotional distress claim and the malicious breach of contract claim must have been set forth in her administrative complaint, as they are mentioned in OHR's Determination, and for both of these claims, the compensation plaintiff seeks for her shame, humiliation, and loss of reputation may be provided by OHR. While it is unclear from the plaintiff's filing whether or not she alleged all the circumstances surrounding her defamation, OHR was aware of plaintiff's charge that Dubliner, Inc. falsely accused her of theft, and OHR may calculate her embarrassment, humiliation and indignity with reference to "untrue derogatory statements by the respondent regarding the complainant." § 211.2(a).

sation, if any, is available until the record from the OHR proceeding was completed and any appeals taken, so that she would not be compensated twice for the same harms, because permitting parallel cases to proceed simultaneously would frustrate the District's efforts to establish a coherent scheme of redress. *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

(2) Consideration of her tort claims here would inevitably involve this Court in the same facts that are being considered in the other tribunal, and this duplication of effort would squander judicial resources. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

(3) The Court notes that plaintiff may obtain full compensation in the other forum.[2] To be sure, plaintiff seeks exemplary and punitive damages in her District Court complaint as well, but had she brought her HRA claims with her tort claims here first, she could have sought punitive damages here, *Abbate v. Hyatt*, 28 Fair Empl. Pract. Cases (BNA) 572 (D.D.C., 1982), and have had a jury trial on all issues.

In addition, the Court notes that dismissal of the case poses no immediate statute of limitations problems for the plaintiff.

For these reasons, it is appropriate for the Court to dismiss this case without prejudice to a later filing based on a complete record from the Office of Human Rights proceeding.

---

**2.** The *Guidelines for Payment of Compensatory Damages and Attorney's Fees Under the Human Rights Act of 1977* provides that plaintiff may be fully compensated for mental and physical anguish, pain and suffering, § 210; for embarrassment, humiliation and indignity, § 211; as well as for lost income and employee benefits, § 201.

Indeed, the Commission's stated intent is "to award damages of any nature whatever which can be fairly proved to have resulted from acts of discrimination." 31 *D.C.Register* 6259, *et seq.*, (December 14, 1984). It is unclear, however, whether or not plaintiff may receive punitive damages under the HRA in an OHR proceeding.