*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 22-CV-0176

ELIZABETH FELTON, APPELLANT,

V.

NATIONAL ASSOCIATION OF SOCIAL WORKERS, *et al.*, APPELLEES.

Appeal from the Superior Court
of the District of Columbia
(2020-CA-004634-B)

(Hon. Heidi M. Pasichow, Motions Judge)

(Submitted October 16, 2023                    Decided December 7, 2023)

*David A. Branch* was on the brief for appellant.

*Christina Heischmidt* was on the brief for appellees.

Before BECKWITH and ALIKHAN, *Associate Judges*, and THOMPSON, *Senior Judge.*

THOMPSON, *Senior Judge*: This case comes to the court on appeal from the Superior Court. Petitioner, Elizabeth Felton, seeks reversal and a remand to allow her to proceed with her retaliation claim against defendants/appellees, National Association of Social Workers and Angelo McClain, NASW's Chief Executive Officer (collectively, "NASW"), which she filed pursuant to the District of Columbia Human Rights Act (the "DCHRA"). The DCHRA "election of

remedies" doctrine requires complainants to elect either an administrative forum (the District of Columbia Office of Human Rights ("OHR"))[1] or a judicial forum to seek redress for claimed DCHRA violations. *See* D.C. Code § 2-1403.16(a). Here, the Superior Court ruled that Ms. Felton could not proceed with her DCHRA retaliation lawsuit because a discrimination complaint she had earlier filed with OHR was still pending, such that the retaliation lawsuit was barred by the election of remedies doctrine. For the reasons set forth below, we vacate the Superior Court's decision and remand for further proceedings consistent with this opinion.

## I. Background

The chronology in this case is as follows. Ms. Felton filed a complaint alleging race and sex discrimination with OHR on February 1, 2019 (the "February OHR discrimination complaint" or the "February OHR complaint").[2] According to Ms. Felton's brief, after her February OHR filing, her employer NASW placed her on administrative leave, revised her job title, expanded her job duties, rejected

---

[1] Under the DCHRA scheme, OHR investigates complaints and determines whether there is probable cause to believe that there was an unlawful discriminatory practice, and if it finds probable cause, the Commission on Human Rights hears the case. *See* D.C. Code §§ 2-1403.05(a)-(b), 2-1404.02.

[2] In May 2022, OHR issued a determination regarding the February 1, 2019, discrimination claim, finding no probable cause of discrimination based on race or sex.

various requests she made (for jury duty leave, an increased salary, and internal hearings to address her salary and reprimand), and eventually issued a "final" reprimand. On July 3, 2019, alleging that these post-February 2019 actions by NASW were adverse actions that constituted retaliation for engaging in the protected activity of filing a discrimination claim with OHR and participating in OHR mediation, Ms. Felton filed a new complaint for retaliation with OHR (the "July OHR retaliation complaint" or the "July OHR complaint").

Ms. Felton filed her first lawsuit in Superior Court several months later, on April 13, 2020 ("Lawsuit #1"). Her one-count complaint alleged that NASW had violated the DCHRA through the allegedly retaliatory actions described in her July OHR retaliation complaint. On August 13, 2020, NASW filed a motion to dismiss, arguing that the then-pending OHR complaints (the February OHR discrimination complaint and the July OHR retaliation complaint) meant that the lawsuit was barred under the election of remedies doctrine. Ms. Felton subsequently requested to withdraw the July OHR complaint, OHR administratively dismissed that complaint without prejudice on August 26, 2020, and Ms. Felton then informed the court of the administrative dismissal in her opposition to the motion to dismiss. Nevertheless, on October 15, 2020, the Superior Court (the Honorable William Jackson) dismissed Lawsuit #1. Judge Jackson agreed with NASW that the case "must be dismissed because [it] was filed while [Ms. Felton] still had a claim

pending before [OHR]," in contravention of the rule that "the jurisdiction of the court and OHR are mutually exclusive in the first instance[,]" such that "where one opts to file with OHR, he or she generally may not also file a complaint in court." Judge Jackson concluded that "the filing of [Lawsuit #1] was procedurally improper."

On November 6, 2020, a few weeks after Judge Jackson's dismissal of Lawsuit #1, Ms. Felton filed her second lawsuit in the Superior Court ("Lawsuit #2")—the instant case. Like Lawsuit #1, Lawsuit #2 alleges retaliation in its sole count. The court (the Honorable Heidi M. Pasichow) noted that at some point Ms. Felton had two claims pending with OHR and directed Ms. Felton to provide a status report as to the posture of both claims. After Ms. Felton confirmed that her February OHR discrimination complaint remained pending, Judge Pasichow granted NASW's motion to dismiss the case. Judge Pasichow agreed with NASW that Ms. Felton "may not proceed in the instant case while an administrative complaint regarding the same matter remains pending with [OHR]." Judge Pasichow stated that Ms. Felton's "filing of the instant matter was, once again, procedurally improper." Judge Pasichow granted NASW's motion to dismiss "[f]or this sole reason" (declining to address NASW's argument that Ms. Felton had failed to state a claim for an adverse action within the meaning of the DCHRA).

Ms. Felton then filed her "Opposed Motion to Alter and Amend Judgment," arguing that she "had no obligation to withdraw both [OHR] charges to pursue her claims in court for only the second charge." She asserted that the now-withdrawn July OHR complaint "involved a different set of facts and different legal claims" than the February OHR complaint. Judge Pasichow denied the motion to alter or amend on February 24, 2022. In her Order denying the motion, Judge Pasichow stated that she agreed with NASW that "while Plaintiff has an action pending with the DCOHR, she cannot proceed with a case in this [c]ourt." Judge Pasichow also stated that "[dismissal of [Lawsuit #2] was proper because it was dismissed on the same grounds as the first lawsuit."

This appeal followed. Because Judge Pasichow premised her dismissal ruling on her interpretation of the election of remedies doctrine and did not base the ruling on any other possible grounds for dismissal, and because, in its brief filed in this court, NASW has not urged any other ground for affirmance, we confine our analysis regarding the dismissal order to whether Judge Pasichow erred in applying the election of remedies doctrine. Our review is de novo because our analysis turns on an issue of statutory construction. *See D.C. Off. of Hum. Rts. v. D.C. Dep't of Corr.*, 40 A.3d 917, 923 (D.C. 2012). We also consider whether the additional rationale for dismissal that Judge Pasichow articulated in her order denying the Motion to Alter or Amend warrants letting the dismissal stand.

## II. Discussion

The DCHRA was designed to "secure an end . . . to discrimination" for any reason beyond merit and thereby expand remedies for discrimination beyond those granted by Title VII, 42 U.S.C. § 2000e-2(a) (2003).  D.C. Code § 2-1401.01; *see Estenos v. PAHO/WHO Fed. Credit Union*, 952 A.2d 878, 887 (D.C. 2008).  Citing that legislative intent, we have said that the DCHRA is a "broad remedial statute" that is "to be generously construed" in favor of the employee.  *George Wash. Univ. v. D.C. Bd. of Zoning Adjustment*, 831 A.2d 921, 939 (D.C. 2003); *see also Anderson v. U.S. Safe Deposit Co.*, 552 A.2d 859, 862 (D.C. 1989) (perceiving no policy preference in the DCHRA for administrative remedies over resort to the courts).

The relevant provision of the DCHRA here is D.C. Code § 2-1403.16(a), which establishes the election of remedies doctrine:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder; provided, that where the Office [of Human Rights] has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint has been filed.  No person who maintains, in a court of competent jurisdiction, any action based upon an act which would be an unlawful discriminatory practice under this chapter may file the same complaint with the Office.

Thus, by its plain language, the "election of remedies" provision of the DCHRA restricts litigants from proceeding in a judicial forum after filing with OHR unless (1) OHR dismissed the complaint for convenience or (2) the complainant has withdrawn the OHR complaint. "[T]o preserve her right to pursue her claims in court, [a plaintiff is] obliged to withdraw her administrative complaint 'prior to the agency's disposition.'" *Carter v. District of Columbia*, 980 A.2d 1217, 1223-24 (D.C. 2009) (quoting *Brown v. Capitol Hill Club*, 425 A.2d 1309, 1312 (D.C. 1981)).

The issue we must decide in this case is whether Ms. Felton's maintenance of her February OHR *discrimination* complaint constituted the election of an administrative forum, such that Ms. Felton was barred from pursuing in Superior Court the related *retaliation* claim that is the sole count of the instant lawsuit. More generally, the issue is whether the election of remedies doctrine requires a would-be plaintiff to have withdrawn *any* pending OHR complaint in order to proceed in Superior Court on a DCHRA claim, or at least to have withdrawn any pending OHR claim that is related to the Superior Court action, in order to withstand a motion to dismiss the Superior Court action.[3] Judge Pasichow answered these questions in the affirmative, reasoning that the retaliation lawsuit

---

[3] To state the issue more narrowly, the question is whether the DCHRA should be interpreted to require that a plaintiff bring an underlying discrimination claim and a subsequent, related retaliation claim in the same forum.

was barred on the ground that the February OHR discrimination complaint was "an administrative complaint regarding the same matter" as the retaliation claim.

NASW defends Judge Pasichow's reasoning, arguing that the OHR discrimination complaint and this retaliation lawsuit are "inextricably related." NASW highlights Ms. Felton's assertion in her retaliation lawsuit that the alleged retaliatory acts stemmed from the filing of her February OHR discrimination complaint and the mandatory mediation that followed. NASW also highlights that Ms. Felton's complaint in the instant retaliation action provided factual details about both the alleged discrimination and the alleged retaliation. Ms. Felton counters that her discrimination and retaliation claims did not arise from the same set of facts, i.e., that the February OHR discrimination complaint "was based on a specific set of facts which occurred before February 2019," while the instant retaliation claim involves facts "which occurred after April 2019." She asserts that her claims "never were a single action" and that she had a "right to file multiple discrimination and retaliation claims."

For the reasons that follow, we agree with Ms. Felton. We hold (1) that the DCHRA election of remedies doctrine does not require a complainant to bring an underlying discrimination claim and a subsequent, related retaliation claim in the same forum and (2) that, as a matter of law, these claims are not "the same matter."

The second sentence of § 2-1403.16(a) states unambiguously that if a complainant maintains in a judicial forum "any action based upon an act which would be an unlawful discriminatory practice under this chapter," that complainant cannot bring "the same complaint" in an administrative forum. *See also Brown*, 425 A.2d at 1311 ("[W]here a person opts to file an unlawful discriminatory practice suit in court, such person is barred from filing, thereafter, *an identical complaint* with OHR." (emphasis added) (construing the DCHRA as previously codified)). By contrast, the first sentence of § 2-1403.16(a)—addressing the converse situation where a complainant has first "filed a complaint hereunder [with OHR]" and then wishes to proceed to court—does not utilize the "same complaint" language. However, given that the DCHRA does not incorporate a preference for administrative resolution of claims brought under the statute, *see Anderson*, *supra*, 552 A.2d at 862, we see no reason to think that our legislature intended to apply a more preclusive standard to complainants who resort first to the OHR administrative forum and then decide to seek redress in court instead. Thus, we read the first sentence of § 2-1403.16(a) to authorize "a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed [*the same* complaint with OHR] hereunder" (and the OHR complaint has not been dismissed for administrative convenience or withdrawn). *See Brown*, 425 A.2d at 1312 (stating that a

complainant who "chose not to file his complaint in court but rather, to file with OHR" thereby "lost his right *to bring the same action* in court" absent applicability of one of the statutory exceptions) (emphasis added).  It would be contrary to the legislative objective that the DCHRA be "broad[ly] remedial" to read the first sentence of § 2-1403.16(a) as denoting that the filing of *any* complaint with OHR pursuant to the DCHRA would bar a complainant from thereafter filing a DCHRA lawsuit based on different conduct.[4]  *See Locklear v. Dubliner, Inc.*, 721 F. Supp. 1342, 1343 (D.D.C. 1989) (explaining that the HRA was designed to "expand the remedies," not to focus all claims into an administrative channel).

Further, while it seems beyond cavil that the facts underlying a complaint about retaliatory actions taken in reprisal for filing a discrimination claim will always be related to the underlying discrimination claim, a retaliation claim is not "the same matter" as the underlying claim.  While the parties have not included Ms. Felton's February OHR complaint in the record, we can say as a matter of logic that actions alleged to have been taken in retaliation for her filing that complaint (and described in her withdrawn July OHR complaint and in the instant retaliation lawsuit) must necessarily have arisen *after* the February OHR

---

[4] Indeed, such a literal reading of the first sentence of § 2-1403.16(a) would bar a complainant from filing a DCHRA lawsuit even if she had previously filed an OHR complaint that was totally unrelated to the allegations of the lawsuit.

discrimination complaint was filed. Thus, the instant retaliation lawsuit cannot be premised on the same conduct comprehended within that February administrative filing. Moreover, there can be retaliation for filing a discrimination claim even if it is found that there actually was no unlawful discrimination.[5] Likewise, there can be a meritorious discrimination claim even if complained-of subsequent acts alleged to have been taken in reprisal were not in fact retaliatory. In addition, OHR investigatory efforts directed at determining whether there is probable cause to believe that unlawful discrimination occurred do not eliminate the need for discovery and trial regarding whether there was retaliation for bringing a discrimination complaint. For these reasons, considerations of adjudicatory economy and avoidance of duplicative efforts do not persuade us to hold that a pending OHR discrimination claim bars the maintenance of a retaliation lawsuit.

We conclude for all the foregoing reasons that the Superior Court erred in ruling that Ms. Felton's then-pending OHR discrimination claim was "an administrative complaint regarding the same matter" and required dismissal of her retaliation lawsuit. We note, moreover, that to hold that Ms. Felton's maintenance

---

[5] *See, e.g.*, *D.C. Dep't of Pub. Works v. D.C. Office of Hum. Rts.*, 195 A.3d 483, 487 (D.C. 2018) (noting that OHR made a no-probable-cause finding as to complainant's claim that he was subjected to disparate treatment because of his race, but found probable cause as to the claim that the employer gave the complainant a retaliatory performance evaluation because the complainant had filed the racial discrimination claim).

of her February OHR discrimination complaint precluded her from pursuing her retaliation lawsuit would effectively deny her a forum in which to pursue her retaliation claim. *Cf. Griffin v. Acacia Life Ins. Co.*, 925 A.2d 564, 573-74 (D.C. 2007) (broadly construing the "administrative convenience" election doctrine exception to cover an OHR dismissal pursuant to the agency's worksharing agreement with the EEOC because refusing to do so would deny the appellant "any forum in which to pursue her retaliation claim"); *Wilson v. Wal-Mart Stores*, 729 A.2d 1006, 1010 (N.J. 1999) ("It would be a paradox if a legislative scheme intended to increase the choice of remedies for victims of discrimination had the unintended consequence of leaving a [New Jersey Law of Discrimination] complainant remediless."). Ms. Felton cannot now petition to reopen her withdrawn July 2019 retaliation case because a complainant must submit a request to reopen "a complaint previously closed for administrative reasons or voluntarily withdrawn . . . within thirty (30) days of receipt of the order dismissing the complaint." 4 D.C.M.R. § 708.3.

As a final matter, we consider whether the alternative rationale Judge Pasichow gave in her ruling denying the Motion to Alter or Amend provides a basis for upholding the dismissal ruling. The discussion above has already shown why the first cited rationale for denying the motion to alter or amend (the rationale that "while Plaintiff has [a discrimination] action pending with the DCOHR, she

cannot proceed with a [retaliation] case in this [c]ourt") does not provide a basis for upholding the dismissal of Lawsuit #2. In an alternative rationale, Judge Pasichow stated that "[dismissal of [Lawsuit #2] was proper because it was dismissed on the same grounds as the first lawsuit." In adopting that rationale, Judge Pasichow appeared to accept NASW's argument that Ms. Felton was "estopped from relitigating whether she can proceed with a lawsuit purportedly based upon her [withdrawn] July 3, 2019 Charge while her February 1, 2019 Charge is still pending."[6] NASW had also asserted that Judge Jackson "held that the Complaint in Lawsuit #1 must be dismissed in its entirety because the active February 1, 2019 [c]harge was related to the allegations and claim asserted in Lawsuit #1."

However, it appears that neither of these was Judge Jackson's rationale for dismissing Lawsuit #1. As NASW asserted elsewhere in its opposition to Ms. Felton's Motion to Alter or Amend, Judge Jackson dismissed Lawsuit #1 "[b]ecause both [c]harges were pending before the agency at the time [Ms. Felton] filed the Complaint in Lawsuit #1." Because that was not the situation when Ms. Felton filed Lawsuit #2, there was no occasion to dismiss Lawsuit #2 "on the same grounds as the first lawsuit" (even if the status of Ms. Felton's OHR complaints at

---

[6] NASW has not made an estoppel argument in its brief in this appeal.

the time she filed her lawsuit had been the relevant inquiry).[7]  Nor did Judge

Jackson hold, as NASW claims, "that the Complaint in Lawsuit #1 must be

dismissed in its entirety because the active February 1, 2019 Charge was related to

the allegations and claim asserted in Lawsuit #1."  Judge Jackson made no

statement about the relatedness of the claims in the February OHR complaint and

the claim in Lawsuit #1.  It is true that both judges dismissed Ms. Felton's lawsuits

as "procedurally improper," but the reasons for those determinations differed.

Accordingly, we discern no basis for upholding the dismissal of Lawsuit #2 for the

reasons cited in the order denying the Motion to Alter or Amend.  We are satisfied

---

[7] The relevant inquiry, for evaluating whether a complainant has made an election of the administrative forum that precludes her from proceeding in court, should focus on the status of the pending administrative complaint at the time the complaint is withdrawn, not on whether the complaint was pending at the time a lawsuit was filed. *See Carter*, 980 A.2d at 1223-24.  Specifically, the relevant facts include whether OHR was actively investigating the case or had "completed its investigation," *Brown*, 425 A.2d at 1312, and whether it had arrived at a determination of probable cause *vel non.*  Here, the record contains no evidence that OHR had progressed to either stage with respect to Ms. Felton's retaliation claim.

We note that in applying the New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:5-13, 10:5-27, which is similar to the DCHRA, courts have observed that "the purpose of the exclusivity provision was not thwarted by allowing the plaintiff to proceed with her civil action even though her [administrative discrimination] complaint was withdrawn after the action was filed." *Lemke v. International Total Servs.*, 56 F. Supp. 2d 472, 482-83 (D.N.J. 1999); *see also Wilson*, 729 A.2d at 1010 (rejecting the "arbitrary result[]" that a complainant who withdrew an administrative complaint before filing a judicial action could proceed, while a plaintiff who withdrew after filing could not).

that Ms. Felton's challenge to Judge Pasichow's dismissal ruling did not amount to a belated challenge to Judge Jackson's dismissal order.

### III. Conclusion

For the foregoing reasons, we vacate the Superior Court's decision and remand for proceedings consistent with this opinion.

*So ordered.*